## COMMONWEALTH *vs.* JAMES CUNNINGHAM.

At the trial of a criminal case where the only question is as to the identity of the prisoner with the guilty party, the jury may be justified in returning a verdict of guilty, although no witness will swear positively to the identity.

At a criminal trial, the counsel for the Commonwealth stated in his closing argument to the jury, that the defendant had been previously convicted of the same offence. No evidence had been offered to support the statement; and the judge instructed the jury that it was not competent for their consideration. *Held*, that the defendant had no ground of exception.

INDICTMENT for larceny of a horse and wagon. At the trial in the superior court, before *Pitman*, J., the only question was one of identity, whether the prisoner was the person who stole the horse and wagon. The witnesses called by the Commonwealth testified that they saw a man driving off the stolen wagon on the day the theft took place; that they did not notice that the man had an "imperial"; and that a few days afterwards they separately and without any suggestion picked out the prisoner from among others in the station-house, as the man they thought they saw on the wagon; but that they were not positive, as the prisoner had then an "imperial" and different clothes; and that they would not swear that the prisoner was the man they saw on the wagon; but that he resembled him. At the close of the case for the Commonwealth the defendant requested the judge to direct the jury to return a verdict of acquittal, but the judge declined so to do.

"The district attorney, in his closing argument to the jury, stated to them, aside from any evidence given in the case, that the defendant had been previously convicted of the same offence or crime in said court before and by another jury; that as it had appeared before them that the defendant had once before been tried he must have been convicted, or the government would have had no power to try him again; and if that were so, he was put upon his best efforts for testimony upon this trial, and yet had failed to produce what an innocent man might. And although the district attorney expressly confined his use of the suggestion as to the defendant's prior conviction to the argu

ment aforesaid, and although the judge afterwards in his charge to the jury instructed them that the statement that the prisoner had been convicted before of the same crime was not competent for their consideration upon the question of his guilt, and, as far as the judge could do so, tried to prevent any wrong, yet the defendant contended that he was prejudiced by reason of said statement, and that a fair and impartial trial of the defendant was thereby prevented in a great measure; but the judge overruled his motion for a new trial on such grounds."

The defendant asked the judge to instruct the jury "that as no witness sworn in the case had given evidence that the defendant was the man who committed the crime set forth in the indictment, or the man who was seen in the possession of the stolen property, the jury would not be justified to find the defendant guilty." The judge declined so to instruct the jury, but instructed them as follows : " That they must be satisfied beyond a reasonable doubt of the identity of the defendant with the person seen to drive off the wagon; that there was no rule of law defining the manner in which this identity was to be proved, or describing the terms in which witnesses must testify to it to produce conviction in the minds of the jury ; that the whole question was one of fact for them to pass upon ; that if, from the testimony of the witnesses, taken in connection with their means of knowledge, their acts at the station-house, and their present appearance and manner upon the stand, together with any other evidence in the case, the jury were satisfied of the fact of identity beyond a reasonable doubt, then they might convict; that there were cases where the concurrence of separate and independent impressions as to identity might be as convincing as the positive opinion of a single witness ; but that on the other hand, if the evidence fell short of producing a belief in their minds beyond a reasonable doubt, no mere probability would justify a verdict of guilty." The jury returned a verdict of guilty, and the defendant alleged exceptions.

*E. A. Alger*, for the defendant.

*C. Allen*, Attorney General, for the Commonwealth.

AMES, J. The only question that appears to have been in controversy was whether the defendant was sufficiently identified as the person who committed the crime charged in the indictment. The general circumstances of the transaction were not in dispute. Upon this question of identity, the evidence offered was all of it competent, and proper for the consideration of the jury. It is impossible to say that it had no tendency to convict the defendant. Its sufficiency was to be estimated and weighed exclusively by them. It is not necessary that any one witness should distinctly swear that the defendant was the man, if the result of all the testimony, on comparison of all its details and particulars, should identify him as the offender. The principle which allows evidence to go to the jury necessarily involves a right, on their part, to believe it, and if its effect upon their minds should be to prove the defendant's guilt beyond reasonable doubt, their verdict will be rendered accordingly.

The course of argument on the part of the prosecuting officer, as exhibited by the bill of exceptions, appears to have been in some respects objectionable. Under such circumstances, it became the duty of the presiding judge to caution the jury to confine their attention to the legitimate evidence, and to try the case strictly upon its merits. The bill of exceptions shows that this duty was not overlooked, and we have no reason to doubt that it was adequately performed. We are bound to presume that the jury appreciated and obeyed his instructions. *Commonwealth* v. *Byce*, 8 Gray, 461. *Smith* v. *Whitman*, 6 Allen, 562.

*Exceptions overruled.*