[Crim. No. 914.   First Appellate District, Division One.—September 27, 1920.]

## THE   PEOPLE,   Respondent,   v.   DOMENIC   BRUNO, Appellant.

[1] CRIMINAL LAW—KIDNAPING — SUFFICIENCY OF INFORMATION. — An information charging the offense of kidnaping in the language of section 207 of the Penal Code is sufficient, and it is not necessary to either allege or prove the intent and purpose of the defendant.

[2] ID.—SUBJECT OF KIDNAPING—OMISSION TO ALLEGE PERSONALITY— INSUFFICIENT GROUND OF REVERSAL.—An omission to allege in an information charging the crime of kidnaping that the subject of the kidnaping is a person or a human being is merely an error in pleading, and not a sufficient ground for reversal of the judgment.

[3] ID.—INTENT OF DEFENDANT—INSTRUCTION. — An instruction in a prosecution for the crime of kidnaping that the defendant would not be guilty if it was found that he took hold of the prosecuting witness for the sole purpose of placing her in his automobile that he might converse with her and then return her to the place from whence she was taken, but did so with no intention of injuring her and had probable ground to believe that his actions would not be objectionable, is not a correct statement of the law.

[4] ID.—SUPPLEMENTAL CHARGE TO JURY — PUNISHMENT — IMPROPER REMARKS OF COURT.—Where the court in a supplemental charge to the jury after correctly explaining to them, in answer to their query, that the matter of punishment in the event of a verdict of guilty was a matter not of their concern, took the forms of submitted verdicts and explained the extent of punishment that might be imposed in the event of a verdict of guilty and also explained the procedure that might follow a conviction, it was improper and unnecessary, but not prejudicially erroneous, to then admonish them that out of the verdicts they should select the one that conformed to their conclusions, and that if they in good conscience could agree on a verdict, the court desired them to do so, but if they could not, and felt that they had acted honestly and conscientiously, they would be discharged in due time.

[5] ID. — IMPORTANCE OF REACHING VERDICT — IMPROPER REMARK OF COURT.—A remark by the court in a supplemental charge to the jury that out of the forms of verdict submitted they should select the one that conformed to their conclusion, as the court did not want to try the case over again and felt that it was unnecessary to do so, should not have been made, but was not reversible error.

---

3.   What constitutes kidnaping, note, 4 Am. St. Rep. 447.

APPEAL from a judgment of the Superior Court of Santa Clara County. J. R. Welch, Judge. Affirmed.

The facts are stated in the opinion of the court.

H. A. Gabriel for Appellant.

U. S. Webb, Attorney-General, and John H. Riordan, Deputy Attorney-General, for Respondent.

WASTE, P. J.—Defendant was convicted of the crime of kidnaping and as punishment was sentenced to imprisonment in the state prison. He appeals from the judgment, upon the grounds, first, that the information does not charge the offense of kidnaping, as defined by section 207 of the Penal Code; second, that the evidence is insufficient to support the conviction; and, third, that the court misdirected the jury in matters of law.

The information charges that "The said defendant, on or about the 27th day of October, A. D. 1919, at the County and State aforesaid, did willfully, unlawfully, feloniously and forcibly without lawful warrant or authority and against the free will and without the consent of one Rosie Sunzeri steal, take, kidnap and carry said Rosie Sunzeri from a place in said County near the McKinley School, on McLaughlin Ave. in the County of Santa Clara, State of California, into another part of said County of Santa Clara, State of California, to wit: the home and dwelling of Tony Cracolice on White Road, all of which is contrary to the form, force and effect of the statute in such case made and provided, and against the peace and dignity of the people of the State of California."

[1] The allegation of the offense follows the words of the code section defining it. The time, place, and circumstances are stated with that certainty which informed the accused of the specific offense with which he was charged under the statute, and gave him the necessary information to enable him to answer the charge. That was all that was required. (*People* v. *Ward*, 110 Cal. 369, 372, [42 Pac. 894], and cases cited.) It was not necessary to allege or prove, as contended for by appellant, the intent and purpose

with which the kidnaping was accomplished. (*People* v. *Fick,* 89 Cal. 144, 150, [26 Pac. 759].)

[2] Appellant's further objection to the information is that it nowhere appears therein that "Rosie Sunseri," the subject of the alleged kidnaping, is a person or a human being. The omission to so state is merely an error of pleading. It has been held by this court, following the mandatory direction of the constitution (sec. 4½ of art. VI), that the judgment in such cases should not be reversed, or a new trial granted, "unless that error of pleading has, in the opinion of the court, formed after an examination of the entire cause, including the evidence, resulted in a miscarriage of justice." (*People* v. *Bonfanti,* 40 Cal. App. 614, [181 Pac. 80].) An examination of the record of this case, as in the one just cited, immediately discloses that the omission in question did not affect the trial, or the rights of the defendant, in the least. The defendant did not demur to the information, and it appeared from the evidence (a fact already well known to the defendant) that Rosie Sunseri was a person, a young school-girl, fifteen years of age, to whom the defendant pretended to be engaged. No miscarriage of justice resulted from the error in the information.

The appellant does not specify wherein the evidence was insufficient to support the charge of kidnaping. We will, therefore, not consider the point any further than to briefly narrate the facts. The sister of the complaining witness is married to the brother of the defendant. The latter had been ordered away from the home of the complaining witness by her parents, because of his constant attention to her. On the afternoon in question, as the girl was going home from school, in the city of San Jose, he seized her, and forcibly dragged her into an automobile which he had hired for the purpose. He covered her head with an overcoat and attempted to stifle her screams and outcries by putting the sleeve in her mouth. At that time the defendant told the complaining witness that he "wanted to marry her" or that "she would have to marry him." He took a pistol from his pocket and told the girl he would kill anybody who followed them, at the same time telling the driver of the automobile to drive on. A number of people witnessed the abduction, and some of them told the defendant to let the girl alone. Rosie succeeded in freeing herself sufficiently to scream and

call to a number of people for help as the automobile sped along, and told the defendant the policemen would soon be after him. The party did not go very far. When they reached the home of one Cracolice, still in Santa Clara County, after a further demand or statement from the defendant that the complaining witness marry him, the girl pushed defendant out of the automobile, got into the front seat with the driver and was taken home by him.

As against this accusation, the defendant's position is that he was engaged to marry the complaining witness, that he had reason to believe that placing her in the automobile for the sole purpose of talking to her would not be objectionable, or offensive to her, and that she would make no objection thereto. His contention is that the evidence warrants the assumption that he was justified in this belief, and that but for a misdirection of the law of the case by the court the jury would have so concluded.

[3] In this connection he submitted an instruction modeled, he asserts, after one given in *Stripling* v. *State,* 47 Tex. Cr. 117, [80 S. W. 376], which was as follows: "If from the evidence you believe that this defendant took hold of the prosecuting witness for the sole purpose of placing her in the automobile for the purpose of being enabled to converse with her and then returning her to place from which he met her, but did so with no intention of injuring her or her feelings, and had probable ground to believe, and did believe, that such placing her in said automobile, if he so did, or driving her in said automobile, if he so did, would not be objected to by her, or would not be offensive to her, or hurt her feelings—then he would not be guilty of the crime of kidnaping *(and you will acquit him on that charge. And in passing upon this issue, you will look to all of the facts and circumstances in evidence, and the conduct of the parties, both before and after the commission of the alleged offense; and if you have a reasonable doubt of the defendant's guilt, or of his intent to injure the prosecuting witness, you will find him not guilty of this charge).*" The court struck out and refused to give the portion italicized, and gave the instruction with the following in its place: "But if you should find from the evidence and circumstances in the case, beyond a reasonable doubt and to a moral certainty, that this defendant, Domenic Bruno, on the McLaughlin Road, on or

about Oct. 27, 1919, laid hands on Rosie Sunseri, and forcibly took her against her will and consent, and placed her in an automobile which he had provided for the occasion, and forced her to ride therein to the residence of Cracolice near Capitol Avenue, then I charge you under such circumstances the defendant is guilty of violating the law of kidnaping—and that whether or not he was engaged or sought to be engaged to be married to her.'' Appellant's complaint of this action of the court is groundless. The purported authority for the proposed instruction is a case arising out of a charge, and conviction, of the crime of assault and battery, and has no application to the facts of the case at bar. The requested instruction is an incorrect statement of the law of this state, relating to kidnaping (Pen. Code, sec. 207), and no part of it should have been given. The portion included in the charge of the court only resulted in an inconsistency, which was favorable to the appellant, and he did not suffer thereby.

At the request of the defendant the court instructed the jury that certain lesser crimes were included in the offense charged in the information. Of its own motion the court submitted a form of verdict for false imprisonment, effected by violence or menace. Whether or not the defendant could be found guilty of that offense under the information in the case is a moot question, for he was convicted of the crime of kidnaping as charged.

[4] When the jury retired to deliberate, two forms of verdict finding the defendant guilty of a felony, two finding him guilty of a misdemeanor and one finding him not guilty, were submitted to it. After the jurors had deliberated for some time (appellant in his brief says five and one-half hours), without arriving at a verdict, they were brought into court upon their request for further instructions, and through their forelady stated that they wished to know if all of the verdicts of guilty carried a state prison sentence. This request appears to have been predicated upon the argument of appellant's counsel in his argument. The court, in response to the query, proceeded to correctly explain to the jurors that the matter of punishment, in the event they should find the defendant guilty, was a matter with which they had nothing to do. Instead of stopping there, however, and apparently being of the view that some confusion had

crept into the minds of the jurors by reason of the argument of counsel, the court took the verdicts one by one and, at some length, explained the extent of the punishment that might be imposed in the event the defendant should be found guilty. The procedure that might follow a conviction, in the way of a motion for a new trial, and application for probation, was likewise stated in detail. The jury was then directed to continue its deliberation, with the admonition that out of the verdicts, explained by the court, including a verdict of "not guilty," it should select the one that conformed to its conclusions, and that if the jurors in good conscience could agree upon a verdict the court desired them to do so, but if they could not, and felt they had acted honestly and conscientiously, they would be discharged in due time.

After some further deliberation the jurors returned a verdict finding the defendant guilty as charged in the information. The appellant attempts to predicate error upon the episode, and contends that the jury could not but be and were influenced by this charge of the court to arrive at a verdict, believing that if they found the defendant guilty, the court would either deal leniently with the defendant or place him on probation. His argument is that the remarks of the trial court amounted, in substance, to an admonition to the jurors to not "worry about the punishment. The punishment will be commensurate with the crime. This is not a case that would carry a ten-year sentence; it is only the most aggravated case of kidnaping where a ten-year sentence is imposed. This defendant will be taken care of. He can apply for probation and the court will consider it." We do not so understand the remarks of the trial judge. The matter of punishment of the defendant, in the event the jurors should find him guilty, was, as bluntly stated to them by the court, "none of their business." It was for them to weigh and consider the evidence, and upon that alone, and the law as given to them by the court, to determine the defendant's guilt or innocence. Having properly instructed the jury as to their duty, the court should have stopped there. But while we are convinced that the remarks of the court were entirely unnecessary, and should not have been indulged in, we cannot hold that they were so improper as to form the basis of prejudicial error. As was said in

*People* v. *Lawlor,* 21 Cal. App. 63, 71, [131 Pac. 63, 67]: "No presumption of prejudice arises from the mere fact of error. On the contrary, it must affirmatively appear to this court that the defendant has been substantially injured by the error complained of." There was no promise on the part of the trial court as to what it would, or would not, do in the event the defendant be found guilty, or treaty entered into to induce the jury to arrive at a verdict. This fact differentiates the situation here presented from that considered in the cases relied upon by the appellant. In *State* v. *Kernan,* 154 Iowa, 672, [40 L. R. A. (N. S.) 239, 135 N. W. 362], the jury, after being out all night, came into court and, after stating that they had failed to agree, desired permission to make a recommendation to the court. Thereupon, the judge informed them that while it was unusual, he did not object to such a procedure and would consider any recommendation made by the jury. The jury thereupon retired and brought in a verdict of guilty, coupled with a plea for the clemency of the court, and the recommendation that the sentence be made as light as possible. The Iowa supreme court was "of the opinion that the promise of the court to give the recommendation consideration might well have led the jury to believe, and doubtless did, that the sentence to follow would be somewhat modified because thereof, and that this was extremely prejudicial to the defendant." It therefore reversed the judgment. An almost exactly parallel case is that of *Territory* v. *Griego,* 8 N. M. 133, [42 Pac. 81]. In *McBean* v. *State,* 83 Wis. 206, 211, [53 N. W. 497], the error consisted of the promise made by the trial judge to the jury to the effect that if they found McBean guilty, they might rely upon him to extend the clemency of the court to the prisoner. In *State* v. *Kiefer,* 16 S. D. 180, [1 Ann. Cas. 268, 91 N. W. 1117], after the jury had retired to deliberate on a verdict, the foreman sent a communication to the judge, asking if the jury could recommend the defendant to the mercy of the court, to which the judge answered in the affirmative, stating that he made it an invariable rule to follow such recommendations. This case does not fall within the application of any of the decisions cited by appellant in support of his last contention.

[5]   The only other point relied upon for a reversal is that the trial judge indicated that he viewed the evidence as pointing to defendant's guilt, and that the jury should so declare by its verdict.   He concluded the supplemental charge with the admonition: "Now, as I remember it, those are the only verdicts that have been submitted to you, that will carry a punishment.   The other form of verdict is 'not guilty.'   Now, out of these verdicts that have been submitted to you, ladies and gentlemen, you will select the one that conforms to your conclusion.   *The court does not want to try this case again.   It feels that it is unnecessary to do so."* It is claimed that because of the sentences which we have italicized, the reason for a reversal given in *People* v. *Kindleberger,* 100 Cal. 367, [34 Pac. 852], and *People* v. *Conboy,* 15 Cal. App. 97, [113 Pac. 703], are applicable.   The aggravated situation considered in those cases is not presented here.   The facts disclosed by this record are so similar in their essentials with those considered by this court in *People* v. *Rhodes,* 17 Cal. App. 789, 794, [121 Pac. 935], that we may say they are the same.   In that case, quoting from *People* v. *Miles,* 143 Cal. 636, 639, [77 Pac. 666, 668], this court said: "That it was proper for the court to urge the importance of reaching a verdict, and as it intimated no opinion of its own, or suggested how the verdict should go, the defendants were not prejudiced."   However, let this court say again, as it said upon the former occasion, that we agree with what Justice McFarland said in concurring in judgment of affirmance in *People* v. *Miles, supra,* that such expressions as the one used by the trial court in this case, "are hazardous, and it would be better for the court to say nothing on that subject."

The judgment is affirmed.

Richards, J., and Kinsell, J., *pro tem.,* concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on October 25, 1920, and a petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on November 24, 1920.

Shaw, J., Lawlor, J., Wilbur, J., Olney, J., and Sloane, J., concurred.