[Civ. No. 11497.   First Dist., Div. One.—July 3, 1941.]

THE PEOPLE, Appellant, v. ONE 1939 LA SALLE 8 TOURING SEDAN, ENGINE NO. 2301026, Defendant; MOTOR CREDIT CO. (a Corporation), Respondent.

Earl Warren, Attorney General, and J. Albert Hutchinson, Deputy Attorney General, for Appellant.

Michael L. Haun for Respondent.

PETERS, P. J.—The State appeals from a judgment adverse to it, rendered in an action brought under the State Narcotic Act (Stats. 1929, p. 380, as amended; Deering's General Laws, 1937, Act No. 5323, now § 11610, et seq., of the Health and Safety Code) for the purpose of forfeiting the interests of all who claimed an interest in a certain 1939 La Salle automobile, on the ground that the automobile had been used to unlawfully transport narcotics in violation of the act.

Carrol Clifford, registered owner, and Motor Credit Co., assignee of the conditional seller, filed answers to the notice of seizure. Both of these parties denied that the car was being used to transport narcotics in violation of the act. The Motor Credit Co., in addition, alleged that before the sale and delivery of the car to Carrol Clifford it made a reasonable investigation of the moral responsibility, character and reputation of the purchaser. Carrol Clifford, as a special defense, pleaded that if the car was being used to unlawfully transport narcotics "the same was so done and so used without the knowledge, consent or connivance" of this respondent.

The uncontradicted evidence is to the effect that on August 3, 1939, an operative of the department of narcotic enforcement received delivery from one Rosenberg of a quantity of heroin for which he had previously paid; that Rosenberg was seated in the automobile in question while the car was parked at the curb of a street in San Francisco; that Rosenberg got out of the car and handed the state officer the heroin and then got back into the car which was then driven away; that with Rosenberg at the time, sitting in the driver's seat, was an unidentified man. Rosenberg was not arrested at

the time of delivery and the car was not then seized because it was necessary to first ascertain whether the substance that was delivered was in fact a narcotic. Rosenberg was arrested on August 8, 1939, and the automobile was seized on August 29, 1939.

The trial court found that the automobile was used by Rosenberg and a person unknown to unlawfully conceal, convey and transport narcotics; that the person or persons then driving and operating the car were doing so without the express or implied permission, consent or knowledge of the defendant Carrol Clifford; that the unidentified person was using and operating the car in contravention of the State Narcotic Act, *supra*, without the express or implied permission, knowledge or consent of Carrol Clifford. Based on these findings, judgment was entered in favor of Carrol Clifford and the Motor Credit Co., and the automobile ordered returned to them.

It was the theory of the trial court that an action for a forfeiture of any interest in an automobile used in violation of the State Narcotic Act, *supra*, may be defeated upon credible proof that the automobile was not being used with the knowledge or consent, express or implied, of the owner. The statute contains no such express limitation on its operation. But it has been held that an implied exception to the operation of the act exists, and that if the automobile is taken from an owner without his permission or consent and used by the taker for an unlawful purpose, it cannot be forfeited to the state. (*People* v. *One 1937 Plymouth 6, etc.,* 37 Cal. App. (2d) 65 [98 Pac. (2d) 750].) Of course, if the owner consents to the use of the car, the fact that he did not know that it was to be used for an unlawful purpose will not prevent a forfeiture. (*People* v. *One 1933 Plymouth Auto,* 13 Cal. (2d) 565 [90 Pac. (2d) 799]; *Van Oster* v. *Kansas,* 272 U. S. 465 [47 Sup. Ct. 133, 71 L. Ed. 354].)

Appellant does not attack the correctness of the doctrine that if the car is taken without the consent of the owner, it is a defense to the forfeiture action, but contends that the evidence does not support the finding that the automobile was being used without the consent or knowledge of the owner, and, further contends, that the findings do not support the judgment.

The respondent registered owner has filed no brief on this appeal, apparently because she has defaulted on her contract with the Motor Credit Co. The Motor Credit Co. had defended in the trial court on the ground that it had entered into the contract after a reasonable investigation of the moral responsibility, character and reputation of the purchaser and without any knowledge that the car was to be used in violation of the State Narcotic Act, *supra*. Under that act the conditional seller may avoid a forfeiture of its interest if it can establish such defense, even though the interest of the conditional buyer is forfeited. The trial court did not base its decision on this defense, but simply held that, since the interest of the purchaser could not be forfeited for the reason already stated, the interest of the conditional seller could not be forfeited for the same reason. In the case of *People* v. *One 1937 Plymouth 6, etc., supra,* the court held, and such holding is not challenged by appellant, that regardless of whether the conditional seller makes the investigation of the purchaser that would permit it to avoid a forfeiture, if the purchaser has a defense to the forfeiture action, such defense can be asserted by the conditional seller. In view of this holding, the respondent Motor Credit Co. devotes its brief to the contention that the finding that the use of the car was without the knowledge, consent or permission of the registered owner is supported by the evidence.

At the trial the theory of the state was that George Clifford, husband of Carrol Clifford, registered owner, was the unidentified person in the car, and that the circumstances show that his wife knew he was driving the car. The state, however, offered no proof as to the identify of the driver of the car. The Attorney General states in his brief, as if the matter appeared clearly from the evidence, that the automobile was the community property of the Cliffords. ▮ Although the trial court did not find in so many words that the car was the separate property of Carrol Clifford, that is not only implied in the findings but, under the evidence, it is the only finding that could have been made. ▮ The issue is important because the question of lack of consent of the owner or owners of the car is a matter of defense which, under the rule laid down in *People* v. *One 1937 Plymouth 6, etc., supra,* must be pleaded and proved by the person or persons relying on this defense. In the absence of any evi-

dence on the issue of consent the interest of the party affected would be forfeited. If the automobile was the community property of the Cliffords, regardless of the identity of the driver, proof by the wife that she had given no one permission to take the car would not suffice to prevent a forfeiture. Inasmuch as the husband in this state has the right of control and management of the community property it would have to be established that he did not give consent to the occupants of the car to use it. In the instant case the husband was not available and did not testify at the trial. The court found that the car, in February of 1939, was "sold to Carrol Clifford" and that "Carrol Clifford was the registered owner of said vehicle." Mrs. Clifford testified that the automobile in question was her automobile; that the down payment on the car was made by turning in a Buick; that she had purchased the Buick during a period when she was living apart from her husband; that most of the payments on the Buick had been made from her separate earnings during a period when she was living apart from her husband. After the Buick was turned in on the La Salle, in February of 1939, the subsequent payments were made by Mrs. Clifford from money received by her from her husband. The La Salle was registered in the name of Carrol Clifford.  ■■ Section 164 of the Civil Code provides in part that "whenever any real or personal property, or any interest therein or encumbrance thereon, is acquired by a married woman by an instrument in writing, the presumption is that the same is her separate property." This rule is based on the theory that under such circumstances it will be presumed that the husband has made a gift of his interest to the wife, and this presumption will prevail until overcome by credible rebutting evidence. (*Dunn* v. *Mullan*, 211 Cal. 583 [296 Pac. 604, 77 A. L. R. 1015]; *Vandervort* v. *Godfrey*, 58 Cal. App. 578 [208 Pac. 1017]; see, also, 3 Cal. Jur. Ten-Year Supp., p. 559, § 65.) ■■ No evidence to rebut the presumption of a gift by the husband was introduced by the state. In such circumstances, the only finding that could have been made was that the automobile was the separate property of Mrs. Clifford.

■■ The appellant attacks the sufficiency of the evidence to support the finding that the use of the car on the occasion in question was without the consent of Mrs. Clifford. It is also urged that, at most, the evidence shows that Mrs. Clifford

had not given permission to the unidentified driver of the car to use it, and that there is no evidence that she had not consented that Rosenberg, the other occupant, should not use or occupy the car. These contentions are without merit. If the evidence is sufficient at all, and we think it is sufficient, it establishes that Mrs. Clifford had given permission to no one to take the car on the occasion in question. The appellant's attack on Mrs. Clifford's testimony on this issue is predicated upon the contention that it contains mere conclusions of law, and, further, that her credibility was destroyed by the context of her testimony as a whole. We are of the opinion that Mrs. Clifford's testimony was sufficient, and that her credibility was for the trial court.

Mrs. Clifford testified that her husband deserted her about July 1, 1939. The offense took place on August 3, 1939. She further testified that she had not seen nor communicated with her husband after he had left her; that her true name was not Clifford, but was Tribolet; that the name Clifford used by her and her husband was her husband's mother's maiden name; that after the separation she had never given her husband permission of any kind to use the car; that there were two keys to the car, one of which continued in the possession of the husband after the separation; that she never asked him to return the key to her; that, as far as she knew, he had never taken the car after the separation; that on August 3, 1939, the day of the offense, the car was parked in the street; that she did not miss it on that day. She was asked: "Did you give anyone permission to take your car, or, if it was taken, did you know that anyone had taken it?" Her answer was: "No." She was also asked: "Did you give anyone any authority, or permission to grant authority or permission to any second or third person?" She replied: "No." This evidence is clearly sufficient to sustain the finding that the use of the car was without her consent. This evidence also refutes the contention of the appellant that Mrs. Clifford failed to show that Rosenberg was in the car without her consent. If she gave no one permission to "take" the car on the day in question, she can scarcely be said to have given Rosenberg permission to occupy it as a passenger. The trial court could have disbelieved Mrs. Clifford on this point. There is evidence in the record which casts some doubt on her credi-

bility. This, however, was a question for the trial court and cannot be considered on this appeal.

The appellant makes several contentions in reference to the findings. The court found that the automobile was used for an unlawful purpose ''on or about the 8th day of August, 1939.'' The unlawful use took place on August 3, 1939. The findings, in this respect, carried over the wrong date from the notice of seizure filed by the Attorney General. During the trial the State asked permission to amend the notice to conform to the proof. The court permitted the amendment tentatively, subject to the right of counsel for Mrs. Clifford to show that the effect was to change the notice in substance, rather than merely in form. Nothing further was done about the matter. However this may be, the finding is of an unlawful use ''on or *about* the 8th day of August, 1939,'' which, under the circumstances, can be interpreted to include August 3rd. This error in dates would not entitle the appellant to a reversal because the evidence shows a nonpermissive use on August 3rd.

It is also urged that there is no finding that Rosenberg was an occupant of the car at the time in question without the knowledge or permission of Mrs. Clifford. Under the State Narcotic Act, *supra*, unlawful possession or use of the car by an occupant works a forfeiture. As already pointed out, the evidence, as distinguished from the finding, shows that both the unidentified driver and Rosenberg were using the car without Mrs. Clifford's consent. The questioned finding reads as follows:

''That it is true that on or about the 8th day of August, 1939, and while said automobile was being so used (by a person or persons unidentified) in violation of the State Narcotic Act of the State of California, said (unidentified) person or persons was or were driving and operating said automobile without the express or implied permission, consent or knowledge of the defendant Carrol Clifford. That at said time, said (unidentified) person or persons was or were using and operating said automobile in contravention of said State Narcotic Act of the State of California without the express or implied permission, knowledge or consent of said Carrol Clifford.'' It is quite true that the finding seems to relate only to the unidentified second person in the car. Rosenberg was identified as one of the two occupants of the car. Technically,

the finding is to the effect that the unidentified person who was driving the car was doing so without the consent of Mrs. Clifford. However, it will be noticed that the finding uses the phraseology "a person or persons unidentified" and again, "unidentified person or persons". Whether the plural was used to include the passenger in the car as well as the driver does not appear. However this may be, the finding is that the person operating the car was doing so without the express or implied permission of Mrs. Clifford. The evidence already referred to is that the persons using the car on August 3, 1939, including Rosenberg, did not have the express or implied permission of Mrs. Clifford to use the car. That evidence cannot be interpreted to mean that she consented to Rosenberg using the car and he permitted the unidentified person to operate the car. The trial court has passed on the credibility of that evidence by making the finding above quoted. Certainly there is no evidence in the record at all that Rosenberg had authority to occupy the car. Appellant is relying solely on the alleged failure of respondents to prove lack of permission as to Rosenberg. When Mrs. Clifford testified that no one on the day in question had her permission to use the car, that included Rosenberg as well as the driver. The trial court has determined that that evidence was true as to the driver by the finding above quoted. Under the circumstances, no other finding could have been made but that Rosenberg and the unidentified person were using the car without the consent of the owner. The finding should, therefore, be so interpreted.

The judgment appealed from is affirmed.

Knight, J., and Ward, J., concurred.