[Crim. No. 3589.   Second Dist., Div. Two.   July 17, 1942.]

THE PEOPLE, Respondent, v. GILBERT McEVERS et al., Appellants.

Walter L. Gordon, Jr., for Appellants.

Earl Warren, Attorney General, R. S. McLaughlin, Deputy Attorney General, John F. Dockweiler, District Attorney, and Thomas F. O'Brien, Deputy District Attorney, for Respondent.

MOORE, P. J.—By information appellants were accused jointly with one Jack Jones of the robbery of Gertrude Coffey by means of force used against Mrs. Coffey and by putting her in fear. They were convicted by a jury of the crime charged. Their co-defendant Jones was acquitted. The appeal is from the judgments on the grounds that the court committed prejudicial error: (1) in admitting testimony concerning the asserted confessions; (2) in modifying a correct instruction offered by appellant Davidson with reference to such alleged confessions which proposed instruction was peculiarly applicable and not otherwise covered; (3) in refusing still other instructions proposed by Davidson correctly stating the law as to the testimony of accomplices; (4) in giving instructions which covered an assumed issue.

On January 7, 1942, Mrs. Coffey was cashier in a market on East Olympic Boulevard in Los Angeles. McEvers ap-

proached her with a basket of groceries. As she was about to check them, he pointed a gun at her and stated: "Hurry, I don't want to kill any one; act as though nothing was happening; put the bills in a sack; put the half dollars in a bag and do not make too much noise." Thus the robber took about $1,183.68 and departed from the scene.

On the second day thereafter all three defendants were arrested and they were interviewed by the police in the robbery bureau of the city hall of Los Angeles.

At the interview McEvers stated that he had planned and committed the robbery; that he and Davidson drove from the latter's home on Hooper street to the market; that Davidson waited in his car on a side street while the robbery took place; that after the two had returned to Hooper street, they divided the money among themselves and Jones, giving each $380; that he had been with Jones and Davidson for a day and a half prior to the robbery.

At the same interview Davidson told the officers that he had driven the car and that upon their return to his home they divided the money three ways; that his unspent portion was in his trunk. Following the conference with defendants, the officers accompanied by Davidson, visited his home and recovered $190 from his designated depository.

After the foregoing admissions had been given in evidence by the officers, defendants attempted to refute them with testimony of promises made, of floggings administered, of frights provoked and of fears inspired by threats of violence and by being deprived of sleep and food. Inasmuch as McEvers was positively identified by four witnesses as the bandit who committed the crime and since he confessed his guilt to the jury in open court, there could be no reversal of his conviction because he could have suffered no prejudice by the rulings with reference to the admission of the confessions. (Const., Art. VI, § 4½.)

We proceed therefore to a consideration of the assignments on behalf of Davidson.

■ (1) When testimony as to the conduct and attitude of this defendant was offered in evidence, the jury was excused while the court heard his testimony as well as that of the officers concerning the occurrences at the interview in the robbery bureau. There is nothing in the recitals of such witnesses to suggest that the trial court did not exercise a reasonable discretion in considering and admitting testimony as to statements and behavior of defendants when accused.

In the absence of a showing of an abuse of discretion upon the part of the trial judge, we cannot say that his ruling was error. (*People* v. *Luzovich,* 127 Cal. App. 465, 470 [16 P. (2d) 144].) It was for the trial judge to determine whether the confession was voluntary. (*People* v. *Lehew,* 209 Cal. 336, 341 [287 Pac. 337].) In ruling upon the admissibility of statements purporting to constitute the confession of an accused, the court is governed largely by the circumstances surrounding the purported confession. (*Ibid*)

█ The fact that it may have been made to an arresting officer or that the accused had been interrogated many hours does not render his statements involuntary. (*People* v. *Siemsen,* 153 Cal. 387, 394 [95 Pac. 863]; *People* v. *Dyer,* 11 Cal. (2d) 317, 319 [79 P. (2d) 1071].) But after a voir dire session in the presence of the court alone, each of the parties present at the interview in the robbery bureau was examined before the jury; each repeated his own version of the incidents and the conversation between the officers and the accused and each was subjected to cross examination.

Thereupon the issue as to whether the confessions were free and voluntary, along with other issues of fact, was submitted to the jury with an instruction that it was for them to determine whether the statements by defendants to the police "amounted to a confession and were made free and voluntary without influence of hope or fear"; that if they were not so freely made, they should be disregarded; that the slightest menace or threat, or any hope engendered in the mind of the accused that he will be more favorably dealt with if he will confess, should exclude the confession. Under such instruction the jury decided that the statements of the accused did constitute confessions and that they were freely and voluntarily made.

. █ Counsel's eloquent portrayal of the savage mistreatment of appellants at the hands of the police is sufficient to arouse cold lethargy into heated action if the picture were true. But we are in no position to act upon his persuasions. The trial judge has determined that the facts were such as to warrant the admission in evidence of the statements. After their deliberations the jury impliedly found that such statements were confessions and that they were voluntarily made. In this connection it is contended that appellants were denied due process by reason of the brutalities they claimed to have suffered at the hands of the police. But after a jury and the

court both determined there was no brutality we cannot say there was a want of due process. Had the alleged maltreatment of defendants been established we could not do otherwise than reverse the judgment. But upon that issue there was a conflict in the evidence resolved against appellants.

(2) It is contended on behalf of appellant Davidson that in view of the testimony that the brutality of the officers induced the alleged confessions, he was entitled to an instruction that "if the attitude of defendant in the face of the accusatory statements made by third parties in his presence, taken in conjunction with all the other facts and circumstances in the case creates a reasonable doubt as to his guilt, it was the duty of the jury to acquit him." Pursuant to such contention his counsel offered the following instruction which the court modified by striking the portion in brackets:

"The statements of third parties made in the presence of a defendant are admissible in evidence, not for the purpose of binding the defendant to the truth of such statements, nor as proof of his guilt, but they are receivable solely and alone that the jury may know the attitude of the defendant in the face of accusatory statements made against him by third persons in his presence. [If, therefore, in the face of such accusatory statements the defendant denied his guilt, the Jury has a right to take into consideration his denial of the truth of such accusatory statements, and if the attitude of the defendant in the face of the accusatory statements made by third parties in his presence, taken in conjunction with all the other facts and circumstances in the case creates a reasonable doubt as to the guilt of the defendant, then it is the duty of the jury to bring in a verdict of not guilty.]"

The court properly excluded from the proposed instruction the bracketed passage. At the time of the accusatory statements by the officers, Davidson denied his guilt. Such denial rendered the statements of the officers inadmissible. (*People* v. *Smith*, 25 Cal. App. (2d) 241, 247 [77 P. (2d) 277].) It is only the admissions of a litigant against his own interest that may be given in evidence by a third party. Since the accusatory statements were inadmissible, a denial of them was also inadmissible and it was therefore not proper to instruct the jury to consider appellant's denial of them. Moreover, on behalf of appellants the court admonished the jury that in considering the asserted confessions, all of the

circumstances attendant upon such confessions and the fears and hopes and state of mind of the accused should be considered. That portion of the deleted sentence which refers to the creation of a reasonable doubt by the behavior of Davidson at the time the officers accused him, was covered by the court's reading to the jury section 1096 of the Penal Code. The reading of that section renders unnecessary any further instruction on the subject of reasonable doubt. (Penal Code, § 1096a.)

■ (3) Davidson's next assignment is that the court refused to give his proposed instruction to the effect that ''a conviction cannot be had upon the testimony of an accomplice unless it be corroborated by such other evidence as shall tend to connect'' the accused with the crime. Such instruction was not in order. It was aimed at the testimony of McEvers who detailed Davidson's participation in the crime. But that testimony was given on behalf of the defense. The fact that on his cross-examination by the district attorney he denied his direct testimony leaves the contention utterly baseless. Furthermore, no prejudice could have been suffered by Davidson by reason of the court's rejection of the offered instruction for the reason that after McEver's confession at the Robbery Bureau, Davidson himself told the officers of his part in the crime and of the unspent share of his portion of the booty which the officers recovered. His confession and the presence of the money in his trunk, to which he led the officers, together with other circumstances, would have supported his conviction without McEver's testimony. No judgment shall be set aside unless after an examination of the entire cause the court shall be of the opinion that the asserted error has resulted in a miscarriage of justice. (Const., art. VI, § 4½.)

■ (4) Davidson's final assignment is that the giving of the following instruction constituted prejudicial error.

''You are instructed that when a defendant, under conditions which fairly afford him an opportunity to reply, stands mute in the face of an accusation of crime, the circumstance of his silence may be taken against him as evidence indicating an admission of guilt. The only purpose for which an accusatory statement is received in evidence is to show acquiescence or admission on the part of a defendant in the face of an accusatory charge and unless you are convinced beyond a reasonable doubt that the defendant did

stand mute when the accusatory statements were made, such statements should be entirely disregarded by you."

Davidson contends that since his defense is the brutality of the police the last quoted instruction places upon him a greater burden than the law exacts. He did not stand mute but, on the contrary, he said he had nothing to do with the robbery and told the officers "if McEvers told you the whole story, I expect that is what I did."

Under the instruction it was the duty of the jury to determine whether such response was an admission of or acquiescence in the accusatory statement. Since Davidson testified that he stated that McEver's inculpatory statement was true, he was in no better position than if he had stood mute. In view of that testimony, the jury could not have been misled by the instruction criticized (*People* v. *Swanson,* 120 Cal. App. 173, 178 [7 P. (2d) 380]) especially in view of the instruction given at appellant's request to the effect that accusatory statements are admissible in evidence "solely and alone that the jury may know the attitude of the defendant in the face of accusatory statements made against him by third persons in his presence." The fact sought to be established by proof of the attitude of Davidson when accused was that he participated in the robbery. Either his silence or his spoken confession was admissible in evidence and such testimony justified either the instruction criticized or that given at appellant's request.

Judgments affirmed.

McComb, J., and Gould, J. pro tem., concurred.

A petition for a rehearing was denied July 28, 1942, and appellants' petition for a hearing by the Supreme Court was denied August 13, 1942. Curtis, J., and Edmonds, J., voted for a hearing.