[Civ. No. 13870. First Dist., Div. Two. Mar. 29, 1949.]

THE PEOPLE, Respondent, v. ONE 1947 OLDSMOBILE CLUB SEDAN, Defendant; ERNEST SCHULTZ et al., Interveners and Appellants.

John R. Golden and Partridge & O'Connell for Interveners and Appellants.

Fred N. Howser, Attorney General, and Ralph W. Scott, Deputy Attorney General, for Respondent.

NOURSE, P. J.—The registered and legal owners of a 1947 Oldsmobile appeal from a judgment of forfeiture entered under Health and Safety Code, sections 11612-11613, on the ground that the car was used for the transportation of narcotics. The legal owner offered no proof of having made any investigation of the character or responsibility of the registered owner. ▮ The only question raised is the sufficiency of the evidence to support the forfeiture.

The witness Woodward testified that as he was painting around the front windows of his upper flat on McAllister Street he saw the car park about 100 feet from his house. The driver of the car was alone. The witness saw him leave the car and walk to the rear of a signboard standing directly across the street from his home and this man "reached down and he dug something out of the hole that he was digging in, and he picked up a glass jar and when he picked up the glass jar he straightened up and reached inside his left hand coat pocket, and he took out several papers and inserted them in the jar and he put the cover back on the jar, and put the jar back in the hole and covered it up. Then he looked around for a marker to put over the place he had covered up, and he picked up a piece of glass and he put the piece of glass over it." The witness waited for about three hours and, observing that no one had approached the spot, walked across the street, found the marker where the jar had been buried, dug it up, and found it contained 11 pieces of paper which he turned over to the police and which were identified as 11 "bindles" containing narcotics.

The defendant did not take the stand and offered no evidence other than some photographs of the premises which were offered to discredit the testimony of the witness Woodward as to what he saw from his window. Evidence was offered by the plaintiff to show that if the legal owner had made any investigation prior to the sale of the car it would have discovered that the purchaser was not a man of good moral character, reputation or responsibility. The legal owner conceded this and made no defense to the forfeiture.

On this evidence the trial court properly found that the automobile had been used to transport narcotics and the forfeiture was the inevitable result. The only plausible attack on the judgment is that the trial court had to infer from the fact that narcotics were found in the jar that the owner of the car put them there and that he had them in his possession while driving the car. The usual argument against basing an inference on an inference is made, but the premises are wrong. There was direct evidence that the driver of the car walked directly from the car to the signboard and there took the papers from his pocket and placed them in the jar. The only inference necessary to support the judgment is that the driver was operating the car with the owner's consent.

The controlling principles in a case made on this state of

facts are well stated in *People* v. *One 1937 Buick Coupe,* 89 Cal.App.2d 556, 560 [201 P.2d 402], from which we quote: "Under the statute, the only grounds upon which the owner may defend against a proposed forfeiture are that the vehicle was not in fact used to transport narcotics or that narcotics were not unlawfully possessed by an occupant of the vehicle. (Health & Saf. Code, § 11619.) An additional defense, read into the statute by the court to save its constitutionality under the due process clauses of the state and federal Constitutions, is that the owner did not consent to the taking of his vehicle. (*People* v. *One 1941 Ford 8 Stake Truck,* 26 Cal.2d 503 [159 P.2d 641] ; *People* v. *One 1941 Chrysler Tudor,* 71 Cal.App.2d 312 [162 P.2d 653].) The question of lack of consent is a matter of defense which must be pleaded and proved, and in the absence of any evidence on the issue of consent the interest of the owner must be forfeited. (*People* v. *One 1939 La Salle 8 Sedan,* 45 Cal.App.2d 709, 713 [115 P.2d 39] ; *People* v. *One 1937 Plymouth 6,* 37 Cal.App.2d 65 [98 P.2d 750].)''

Judgment affirmed.

Goodell, J., and Dooling, J., concurred.