[Crim. No. 2205.   Third Dist.   Oct. 26, 1950.]

THE PEOPLE, Respondent, v. MILTON A. SMITH, Appellant.

Taft, Wright & Hopkins and George I. Lewis for Appellant.

Fred N. Howser, Attorney General, and Gail A. Strader, Deputy Attorney General, for Respondent.

ADAMS, P. J.—This appellant was charged with a violation of section 288 of the Penal Code, to wit, that he committed a lewd and lascivious act upon the body of a girl 4 years of age. He pleaded not guilty and not guilty by reason of insanity. A motion to arrest proceedings under section 1368 of the Penal Code was granted, but the court found defendant sane. After his conviction he made application to be adjudged a sexual psychopath (Welf. & Inst. Code, §§ 5500-5502), but same was denied. He appealed from the judgment of conviction and from an order denying a new trial, and now claims that same should be reversed upon three grounds, to wit: that the court improperly and prejudicially influenced the jury, that it erred in admitting statements made by defendant without proof of the corpus delicti, and that it was error to deny a hearing upon his petition to be declared a sexual psychopath.

The first contention is based upon an occurrence after the jury had been retired for several hours, and the court had called them back to report. This colloquy followed:

"THE COURT: Have you jurors been able to reach a verdict?

. . . . . . . . . . .

"THE FOREMAN: We have not been able to reach a verdict.

"THE COURT: What is the reason for it?

"THE FOREMAN: There is a certain disagreement upon it.

"THE COURT: What is the reason for the disagreement?

"THE FOREMAN: They feel they haven't had enough evidence on it. They wanted some more particulars on it.

"THE COURT: What seems to be the problem?

"THE FOREMAN: As far as the man's guilt is concerned.

"THE COURT: It wasn't a matter of his sanity or insanity, was it?

"THE FOREMAN: In certain cases, yes.

"THE COURT: Didn't you hear what the Court said to you to begin with, that you are simply trying the case, that there would be further proceedings in insanity? Do you remember that?

"THE FOREMAN: That is what some didn't.

"THE COURT: I will read that to you again and send you back.

"THE FOREMAN: We asked that question before and couldn't get an answer on it.

"THE COURT: I know. It was fully given to you.

" 'In this case, the case comes before you and the Court in a double aspect in this, that, as to the charge of violation of Section 288 of the Penal Code the defendant plead that he is not guilty by reason of insanity and, furthermore, the defendant has joined with that plea another plea; namely, the plea of not guilty.'

"You remember that, don't you?

"THE FOREMAN: Yes.

"THE COURT: Now, 'under the present law, when a case comes before the Court and jury in this way, the law requires that the question of the plea of the defendant of not guilty that that be tried first.' That is the trial of today. 'That is the present law, and in the trial of that aspect of the case the defendant by provisions of the law is presumed to be conclusively sane at the time of the commission of the offense.'

"That matter was given to you prior to the taking of any testimony, and I am going to send you back to see if you can't reach a verdict. All right."

█ Appellant argues that the court, in effect, instructed the jury to bring in a verdict of guilty. We do not agree. Apparently some of the jurors were not fully aware that they were not, at that time, concerned with the question of defendant's sanity; and when the court repeated to them the instruction which he had previously given, they had no difficulty in reaching a prompt verdict. There was no intimation on the part of the court as to what verdict they should return; nor was it revealed how they stood. *People* v. *Miles,* 143 Cal. 636 [77 P. 666], *People* v. *Rhodes,* 17 Cal.App. 789 [121 P. 935], *People* v. *Bruno,* 49 Cal.App. 372 [193 P. 511], *People* v. *Quon Foo,* 57 Cal.App. 237 [206 P. 1028], and *People* v. *Piscitella,* 90 Cal.App. 528 [266 P. 349], are comparable cases.

The first witness called was the child's mother. She testified that defendant lived in the second house beyond hers in Dixon, that the child was playing in the neighborhood on the day of the offense, and returned to her home about 5:15 p. m. in a hysterical condition; that she could hardly walk and that she made a complaint; that she was examined by her mother who found that she was bleeding, and her panties bloody; that she went to Smith's house to inquire if the child had been there and he denied it; that a doctor was then called, who examined the child. His testimony was that the girl had a tear in the labia minorum, one of the constituent

members of the external genitalia, and that bleeding was coming down the vagina; that the injuries could have resulted from the insertion of a finger of an adult person; that it could not have been caused by a blow, and could have been caused only by the insertion of some instrumentality into the child's body; that the bleeding could have come from nowhere else than the vagina; and that it could not have been caused by a fall.

Evidence was then offered of statements made by defendant, and objections were made that the corpus delicti had not been proven. They were overruled. We are satisfied that sufficient proof of the corpus delicti was made to justify the admission of the statements of defendant. In *People* v. *Leary,* 28 Cal.2d 740, 745 [172 P.2d 41], appellant argued that the offense charged was not proven as to him as a part of the corpus delicti; but the court said, "he overlooks the fact that proof of the corpus delicti does not require proof that the crime was committed by the defendant, or that the identity of the perpetrators of the crime be proved." To the same effect was the ruling in *People* v. *Mehaffey,* 32 Cal.2d 535, 545 [197 P.2d 12]. It is there said that the prosecution is not required to establish the corpus delicti by proof as clear and convincing as is necessary to establish the fact of guilt; that rather slight or prima facie proof is sufficient for such purpose; that it may be proved by circumstantial evidence and by inferences reasonably drawn therefrom; and that it is not necessary at this point to connect the defendant with the perpetration of the offense. Here the testimony of the child's mother and that of the examining physician was sufficient to show that the girl had been the victim of the attack charged, and that a crime had been committed.

As for appellant's contention that the trial court erred in refusing to grant a hearing of the application of defendant that he be adjudged a sexual psychopath, the Welfare and Institutions Code does not compel such hearing, but provides that a court *may* so proceed if it is shown by affidavit, to the satisfaction of the court, that there is probable cause for believing such person is a sexual psychopath. See *People* v. *Haley,* 46 Cal.App.2d 618 [116 P.2d 498]. There is nothing in the affidavit of Mrs. Smith, filed in support of the application, that indicates anything but a belief on her part that her son is a sexual psychopath; and her own statement shows that such belief was based upon the testimony given

at the trial, of all of which the court was equally aware. We find no abuse of the discretion with which the trial court was invested.

The judgment and the order denying a new trial are affirmed.

Peek, J., and Van Dyke, J., concurred.