[Crim. No. 4725.   Second Dist., Div. One.   Apr. 7, 1952.]

THE PEOPLE, Respondent, v. LEONARD A. CUELLAR, Appellant.

Gerald Friedman for Appellant.

Edmund G. Brown, Attorney General, and Dan Kaufmann, Deputy Attorney General, for Respondent.

WHITE, P. J.—This appeal is prosecuted by defendant from a judgment of conviction for violation of section 11500 of the Health and Safety Code rendered against him after trial by the court sitting without a jury.

Since appellant contends that the evidence is insufficient to support his conviction, and also maintains that the corpus delicti was not established prior to the admission of his extrajudicial conversations with police officers, it becomes necessary to epitomize the evidence received at the trial.

In that regard the record reflects that on April 29, 1951, Ronald David Griffin, an 11-year old schoolboy was playing baseball with a young friend at Evergreen playground in the city of Los Angeles. Ronald noticed a person burying a package under the ground and that after placing the package

in the ground this person "put a pile of leaves, a little bit of dirt over it." The witness testified he "was not quite positive" that the appellant was that man "but almost." To the witness the package appeared to be "a little bit of white stuff and it looked like money." After the person deposited the package as aforesaid he walked back to a crowd of some 13 or 14 boys. Later on Ronald was playing marbles on the playground and he told his friend to "shoot" up to the place where the package was placed, with which request his friend complied. Ronald picked up the package, put it in his pocket and delivered it to the director of the playground. The witness stated that the place where he picked up the package was the same spot at which defendant had placed it and that he was "almost" sure of this fact. The package contained cigarettes wrapped in paper. Between the time that he saw the package deposited and the time that he picked it up, no other person went over to the spot where the package had been deposited. The playground director called the police and delivered the package in question to them. These officers placed defendant under arrest on the Evergreen playground. They took him to Central Police Station where they engaged him in conversation. According to the testimony of the officers all of defendant's statements were given freely and voluntarily. The officers showed him the cigarettes and asked him if they belonged to him. He admitted they were his and that he hid them under a tree on the playground. He stated that when it started to rain he went back to get them and found that somebody had taken them. The officers asked him where he got the cigarettes and he said that he found the "stuff" in a sack and that he rolled them. He was asked what he intended to do with them and he said his intention was to smoke them, and that he got a "kick" out of them.

The cigarettes were delivered by one of the officers to the property division of the Los Angeles Police Department in an envelope which he sealed with wax in which he imprinted his right thumbprint. The package was subsequently opened by a police chemist who analyzed the contents and found them to be 19 marijuana cigarettes.

Defendant took the stand in his own defense, admitted the conversation with the police officers, but stated that he was struck twice by an officer and that he made the statement only because "I thought I would be hit more and I didn't want to be bruised up any more."

In rebuttal the prosecution introduced the testimony of the arresting officers. Officer Abney denied that either he or any of his fellow officers struck the defendant or made any threats against him, that the only physical contact he had with defendant was to take hold of the latter's arm when he led him away to the police car.

Officer Halloran testified that defendant was·in his custody at all times between the time of the arrest and the conversation; that no force was used on defendant and that no one struck him or threatened him.

Appellant's contention that the trial judge erred in receiving into evidence the extrajudicial confession and conversations of the former because the corpus delicti had not been established by proof independent of such statements, cannot be sustained.

■ To prove a prima facie case of the corpus delicti here, all that was necessary was to show a reasonable probability of the unlawful possession of marijuana by a person. To this extent the evidence clearly showed the illegal possession in someone of the narcotic in question. ■ It was not necessary to prove appellant's connection with the marijuana in order to establish the essential elements necessary to prove the corpus delicti. ■ It is sufficient if the proof establishing the corpus delicti be of a substantial character. ■ A reading of the testimony hereinbefore set forth satisfies us that the corpus delicti was proven in this case without recourse to the extrajudicial statements of appellant. Therefore, such statements were properly admitted (*People* v. *Mehaffey*, 32 Cal.2d 535, 545 [197 P.2d 12] ; *People* v. *Leary*, 28 Cal.2d 740, 745 [172 P.2d 41] ; *People* v. *Chan Chaun*, 41 Cal.App.2d 586, 589 [107 P.2d 455] ; *People* v. *Smith*, 100 Cal.App.2d 162, 165 [223 P.2d 82] ; *People* v. *One 1947 Oldsmobile Club Sedan*, 90 Cal.App.2d 848 [204 P.2d 104] ).

With regard to his contention that the evidence is insufficient to sustain the conviction appellant recognizes the established rule that an appellate tribunal will not reverse a judgment of conviction upon the ground herein urged unless it be made clearly to appear that upon no hypothesis whatever is there sufficient substantial evidence to support the conclusion reached by the trier of facts (*People* v. *Newland*, 15 Cal.2d 678, 681 [104 P.2d 778] ). He contends however, that the evidence herein was insufficient to connect him with the narcotics in question. He first assails the testimony of the witness Ronald David Griffin, the 11-year-old boy. He asserts

that the testimony of this witness was received without in any manner testing his qualifications as a witness. The answer to this contention is found in subdivision 2, section 1880 of the Code of Civil Procedure. And even though this witness had been under 10 years of age there can be little if any question from a reading of his direct and cross-examination, that he met all the qualifications of competency required of witnesses under the age of 10 years.

Appellant also urges the claimed weakness in the testimony of the boy as to identity of the former. ██ The fact that a witness was not positive does not destroy the value of the identification. ██ It is not necessary that the identification be made in positive terms by any of the witnesses. As was said by our Supreme Court in *People* v. *Waller,* 14 Cal.2d 693, 700 [96 P.2d 344], quoting with approval from *People* v. *Wilson,* 76 Cal.App. 688, 700 [245 P. 781]: "A conviction may be sustained though the witnesses decline to swear positively, and testify merely that they believe the accused is the person whom they saw commit the crime. Thus in *Commonwealth* v. *Cunningham,* 104 Mass. 545, the witnesses would not swear that the prisoner was the man they saw on the stolen wagon, but that 'he resembled him.' There the court said: 'Upon this question of identity, the evidence offered was all of it competent and proper for the consideration of the jury. It is impossible to say that it had no tendency to convict the defendant. Its sufficiency was to be estimated and weighed exclusively by them.'"

██ The fact that the youthful witness to some extent qualified his testimony as to identification, as pointed out by appellant, went to the weight of such testimony and was addressed to the sound discretion of the trial judge. And manifestly, any possible doubt as to the identification of appellant was dissipated by his own admissions to the police officers, following his arrest.

In an effort to escape the consequences of his statements to the police officers, appellant relies upon his testimony that he made such statements by reason of physical violence inflicted upon him and his fear that he would be further assaulted by the officers. ██ It is of course, a well settled rule that "before a confession is admissible it must be shown by the prosecution that it was voluntary, and made without any previous inducement or by reason of any intimidation or threat." (*People* v. *Jones,* 24 Cal.2d 601, 608 [150 P.2d

801]). ■ However, as was said by our Supreme Court in *People* v. *Mehaffey, supra,* at page 548: "But whether a confession is of that character is a preliminary question addressed to the trial court (*People* v. *Castello,* 194 Cal. 595, 599 [229 P. 855]; *People* v. *Lisenba,* 14 Cal.2d 403, 421 [94 P.2d 569]; *People* v. *Triplett,* 70 Cal.App.2d 534, 538 [161 P.2d 397]), and a considerable measure of discretion must be allowed that court in determining it (*People* v. *Ellis,* 33 Cal.App.2d 616, 621 [92 P.2d 431]; *People* v. *Sourisseau,* 62 Cal.App.2d 917, 930 [145 P.2d 916]). ■ The mere fact that the confession was made to a police officer or other officer of the law while the accused was under arrest does not necessarily render it involuntary and inadmissible. (*People* v. *Gonzales,* 24 Cal. 2d 870, 875 [151 P.2d 251]; *People* v. *McEvers,* 53 Cal.App.2d 448, 451 [128 P.2d 93].)"

Manifestly, if the testimony given by appellant stood uncontradicted in the record it would have been error to have admitted in evidence his confession. But appellant's testimony is sharply refuted by those present at the time he made the statements in question. The police officers specifically testified that at no time were any threats or intimidation used in obtaining the confession.

The question whether the confession was freely and voluntarily made became one of fact for the trial court, sitting without a jury, to determine. ■ That issue having been determined by the trial judge on conflicting evidence, and being resolved against appellant, cannot be disturbed on appeal (*People* v. *Sewell,* 95 Cal.App.2d 850, 855 [214 P.2d 113]; *People* v. *Port,* 91 Cal.App.2d 152, 157 [204 P.2d 651]; *People* v. *Mehaffey, supra,* p. 545).

Appellant's contention that the evidence is insufficient because he was not in actual possession of the marijuana at the time of his arrest is futile. ■ The statute does not require actual physical possession at the time of arrest. ■ The evidence herein substantially supports an inference that appellant having had physical control of the contraband cigarettes had not abandoned it and that no other person had had that possession. This meets the requirements of the statute (*People* v. *Johnston,* 73 Cal.App.2d 488, 492 [166 P.2d 633]; *People* v. *Noland,* 61 Cal.App.2d 364, 366 [143 P.2d 86]; *People* v. *Bassett,* 68 Cal.App.2d 241, 247 [156 P.2d 457]; *People* v. *Gory,* 28 Cal.2d 450, 455 [170 P.2d 433]).

Assuming as we must, in favor of the decision of the trial judge, the existence of every fact which he could have reason-

ably deduced from the evidence, the determination is inescapable that such facts are sufficient to support the conclusion arrived at in the court below. We are therefore without authority to interfere.

For the foregoing reasons, the judgment is affirmed.

Doran, J., and Drapeau, J., concurred.