## UNITED STATES v. ONE HAYNES AUTOMOBILE et al.

(District Court, N. D. California, First Division. June 15, 1923.)

No. 17666.

Internal revenue ⬥46—Innocent carriage of passenger carrying unstamped narcotics does not render automobile liable to forfeiture.

> While the owner's innocence will not relieve him of forfeiture, under Rev. St. § 3450 (Comp. St. § 6352), if he has consented to use of his vehicle by one violating the law, yet that statute does not require one taking passengers for hire by automobile or stage to search the baggage or person of each passenger for illicit liquor or unstamped drugs, on penalty of having his vehicle forfeited for failure to do so, and in the absence of circumstances putting the driver or other person in charge of the vehicle on inquiry, the vehicle is not forfeitable for violation of the law as to unstamped narcotics by a passenger.

At Law. Libel by the United States to forfeit one Haynes automobile; the Anglo-California Trust Company and Richard Frank, claimants. Libel dismissed.

John T. Williams, U. S. Atty., of San Francisco, Cal., and Thomas J. Riordan, Asst. U. S. Atty., of San Jose, Cal.

C. C. Legerton, of San Francisco, Cal., for claimant Anglo-California Trust Co.

Smith & Jacobson, of San Francisco, Cal., for claimant Frank.

DOOLING, District Judge. This action has been submitted upon the pleadings and an agreed statement of facts. It appears therefrom that the Anglo-California Trust Company is the owner of a certain Haynes automobile; that this machine was in the possession of one Richard Frank; that one Harry Indorsky hired Frank to drive him in the machine as a passenger through the streets of San Francisco; that Indorsky, without Frank's knowledge or consent, had in his possession in the automobile certain narcotics upon which the tax had not been paid, and sold such narcotics to one Halstead; that Indorsky and Frank were both indicted for violation of the Harrison Act (Comp. St. §§ 6287g–6287q); that Indorsky pleaded guilty, and Frank upon trial was acquitted.

The government then filed this libel to forfeit the automobile under section 3450, Revised Statutes (Comp. St. § 6352), which provides for the forfeiture of any vehicle used to remove any commodity with intent to defraud the United States of any tax due thereon, and also provides for forfeiture of anything used as a place of deposit or concealment of any commodity with like intent. It is averred in the libel that Indorsky and Frank used the automobile to remove the narcotics, and to conceal them, with intent to defraud the government. It is denied that Frank did so, but it is not denied that Indorsky did so.

It has long been held that the innocence of any fraud on the part of the owner will not relieve him from a forfeiture, if he has consented to the use of the vehicle by the party violating the law. The latest ex-

position of the law is to be found in Grant Co. v. U. S., 254 U. S. 505, 41 Sup. Ct. 189, 65 L. Ed. 376, where the court says:

"In breaches of revenue provisions, some forms of property are facilities, and therefore it may be said that Congress interposes the care and responsibility of their owners in aid of the prohibitions of the law and its punitive provisions, by ascribing to the property a certain personality, a power of complicity and guilt in the wrong. * * * Whether the reason for section 3450 be artificial or real, it is too firmly fixed in the punitive and remedial jurisprudence of the country to be now displaced. Dobbins' Distillery v. United States, 96 U. S. 395, is an example of the rulings we have before made. * * * It is the ruling of that case, based on prior cases, that the thing is primarily considered the offender."

The Grant Co. Case and the long line of cases that preceded it, however, dealt with situations where the property was with the consent of the owner in the possession and control of the offender. The present case has to do with a passenger. The difficulties arising in such a case are suggested, but not disposed of, by the Supreme Court in the Grant Co. Case as follows:

"It is said that a Pullman sleeper can be forfeited if a bottle of illicit liquor be taken upon it by a passenger, and that an ocean steamer can be condemned to confiscation if a package of like liquor be innocently received and transported by it. Whether the indicated possibilities under the law are justified we are not called upon to consider. It has been in existence since 1866, and has not yet received such amplitude of application. When such application shall be made, it will be time enough to pronounce upon it."

The question is therefore:

"Must one who takes passengers for hire by automobile or stage, on train or boat, search the baggage of each individual applying for passage, and the individual himself for illicit liquor or unstamped drugs, on penalty of having his vehicle forfeited for failure to do so?"

Strict as is this law, I do not believe it should be so strictly construed as to require an affirmative answer to this question. It is true that circumstances may be such as to put the driver or other person in charge of the vehicle upon inquiry, and failure to prosecute such inquiry might conceivably be held to be equivalent to knowledge on his part of the presence of the forbidden commodity. But nothing of this sort appears in the present case, and the libel will therefore be dismissed.