[S. F. No. 16193. In Bank.—May 25, 1939.]

THE PEOPLE, Appellant, v. ONE 1933 PLYMOUTH SEDAN DELUXE AUTOMOBILE, Engine No. P. D. 165124, Respondent.

Earl Warren, Attorney-General, U. S. Webb, Attorney-General, Seibert L. Sefton, Deputy Attorney-General, and J. Albert Hutchinson, Deputy Attorney-General, for Appellant.

Alfred J. Hennessy for Respondent.

SHENK, J.—The People have appealed from an adverse judgment in a proceeding to obtain a forfeiture of the title and interest of the owners and others in a 1933 Plymouth sedan automobile.

Caroline Sarubbi, as owner of the automobile, was duly served with the notice required by section 15 (b) of the State Narcotic Act as amended. (Stats. 1935, p. 2212.) The notice stated that the vehicle "was seized by the Division of Narcotic Enforcement of the State of California on or about the 12th day of August, 1937, while said vehicle was being used to unlawfully conceal, convey, carry or transport narcotics contrary to the force and effect of section 15 of the State Narcotic Act as amended, in the City of San Francisco, County of San Francisco, State of California"; that the state intended to forfeit her interest in said automobile, and that twenty days were permitted within which to file answer to

establish any claim pursuant to subdivision (e) of said section 15.

Caroline Sarubbi filed her answer within due time, admitting ownership of the vehicle and denying the other allegations in the notice. She averred specially that on the date mentioned the automobile was being driven without her consent or knowledge; also that she had not given her consent for a use "to conceal, convey or transport any of the drugs mentioned in Section 1 of the State Narcotic Act of California".

The trial court found Caroline Sarubbi to be the owner of the seized car, and that the automobile had been used at the time and place mentioned unlawfully to conceal, convey, carry and transport narcotics, contrary to the force and effect of section 15 of the State Narcotic Act. The court also made the following finding: "That it is true that said Caroline Sarubbi consented to and gave permission to her son, William Sarubbi, to use said Plymouth Sedan automobile on the 12th day of August, 1937, but that at said time she did not know that said automobile was to be used for the unlawful transportation of narcotics and did not give her permission to her son, William Sarubbi, to use said automobile for said purpose, nor did she at the time that she gave permission to her son to use said car intend that it should be used to unlawfully transport narcotics." From the foregoing findings the court concluded that the plaintiff was not entitled to judgment of forfeiture.

The appeal was taken on the judgment roll. It is the appellant's contention that the findings do not support the judgment; that when the court found that the car was used to transport narcotics contrary to the provisions of the statute, a judgment of forfeiture must follow; that lack of knowledge of the unlawful use or failure to give permission for use for the specific purpose did not absolve the owner who had given consent for the use of the car at the time of the seizure.

The contention of the appellant must be upheld. Section 15 of the act provides that "any automobile or other vehicle used . . . to conceal, convey, carry, or transport any of the drugs mentioned in section 1 of this act . . . shall be forfeited to the State of California as in this section provided". Subsection (a) requires seizure of such an automobile by a peace officer of the state. Subsection (b) provides for notice of seizure and intended forfeiture to be filed with the county

clerk and served on all persons claiming any right in the automobile, and for answer of those served within twenty days. Subsection (c) deals with proceedings in default of answer. Subsections (d) and (e) provide for the hearing on the issues raised by the notice and the answers on file, and they permit a claimant under a lien, mortgage or conditional sales agreement to prove the *bona fides* of his contract. Subsection (f) permits the release of the vehicle under certain circumstances to an innocent claimant as defined in subdivision (e). The owner in this case, however, was not a claimant within the meaning of those sections and did not file a claim as such.

■ It has long been the settled law that the owner of a vehicle who has given consent to its operation by another, is not deprived of any constitutional right by the forfeiture of his property on account of the operator's violation of a statute such as is here involved, even though such owner is without knowledge of or has failed to acquiesce in its illegal use. (*Van Oster* v. *Kansas*, 272 U. S. 465 [47 Sup. Ct. 133, 71 L. Ed. 354, 47 A. L. R. 1044]; *Goldsmith, Jr.,-Grant Co.* v. *United States*, 254 U. S. 505 [41 Sup. Ct. 189, 65 L. Ed. 376]; *People* v. *One Ford V-8 Tudor Sedan*, 12 Cal. App. (2d) 517, 522 [55 Pac. (2d) 908]; *People* v. *One Ford Coupe*, 10 Cal. App. (2d) 321 [51 Pac. (2d) 882].)

In *Van Oster* v. *Kansas, supra,* we find the following applicable language: "It is not unknown or indeed uncommon for the law to visit upon the owner of property the unpleasant consequences of the unauthorized action of one to whom he has entrusted it . . . They (examples cited) suggest that certain uses of property may be regarded as so undesirable that the owner surrenders his control at his peril. The law thus builds a secondary defense against a forbidden use and precludes evasions by dispensing with the necessity of judicial inquiry as to collusion between the wrongdoer and the alleged innocent owner. So here the legislature, to effect a purpose clearly within its power, has adopted a device consonant with recognized principles and therefore within the limits of due process."

■ Counsel for the respondent does not question the applicability of the foregoing decisions in support of the conclusion that the findings herein do not support the judgment. He rests upon the presentation of the point that the notice

filed and served in the forfeiture proceeding was insufficient. There is no indication in the record that the judgment was based upon any defect in the notice. In the absence of any such showing, an erroneous judgment for the defendant ordinarily will not be affirmed on the ground urged by the respondent for the first time on appeal that the complaint (or notice, as in this case) failed to state a cause of action. It must also appear that there is a total absence of some fact essential to the existence of the cause which cannot be cured by amendment, or that there is present some averment which destroys the plaintiff's right to prevail. (*Ransome-Crummey Co.* v. *Bennett*, 177 Cal. 560 [171 Pac. 304]; 3 Cor. Jur. 785–787.) There is no such showing in this record. ▮ The notice served on the owner was in conformity with the statutory requirements. The proceeding under such a statute is one *in rem.* (*Traffic Truck Sales Co.* v. *Justice's Court,* 192 Cal. 377, 384 [220 Pac. 306].) But it appears that the notice in the present case acquainted the persons interested with the nature of the proceeding. It also stated the date and place of the alleged violation, the statute claimed to have been violated, and the character of the relief sought, namely, the forfeiture of the seized property. Such a notice was sufficient. (*People* v. *Lee Foon,* 275 N. Y. 229 [9 N. E. (2d) 847].) If the notice be subject to any ground of special demurrer, further particulars could have been supplied upon request. The notice herein, however, contained averments of all the essential elements of the cause for forfeiture. It may be added that the principal defect relied upon, that is, the failure to make any reference in the notice to ''drugs mentioned in section 1'' of the act, was not jurisdictional and any omission appearing in that respect was supplied by the allegations in the answer of the owner.

The judgment is reversed.

Langdon J., Curtis, J., Waste, C. J., and Houser, J., concurred.

Rehearing denied.