[Civ. No. 11104. First Appellate District, Division Two.—January 31, 1940.]

THE PEOPLE, Appellant, v. ONE 1937 PLYMOUTH 6 4-DOOR SEDAN, ENGINE No. P4-211565, Respondent; ANGLO CALIFORNIA NATIONAL BANK OF SAN FRANCISCO, CALIFORNIA (a National Banking Association), et al., Interveners and Respondents.

Earl Warren, Attorney-General, and J. Albert Hutchison, Deputy Attorney-General, for Appellant.

Robert G. Partridge and Leo Marshall Cook for Respondent Bank.

No appearance for Respondent Barry.

STURTEVANT, J.—In a proceeding pursuant to section 15 of the State Narcotic Act (Stats. 1929, p. 380, as amended; Deering's General Laws No. 5323), for the forfeiture of One 1937 Plymouth 6 4-door sedan, Engine No. P4–211565, the state has appealed from a judgment denying forfeiture and allowing costs to claimants and interveners.

It is undisputed that the automobile was purchased by Grace Barry from the J. E. French Co. on August 13, 1937, and that on said date she executed a conditional sales contract, which was later assigned by the J. E. French Co. to the claimant and intervener, Anglo California National Bank. According to the finding of the trial court there is now due under said conditional sales contract a sum in excess of the value of the automobile. It is also undisputed that on June 14, 1938, the automobile was used by Joseph Barry, a son of Grace Barry in violation of the State Narcotic Act.

Subsequent to the arrest of Joseph Barry and seizure of the automobile, the present action was instituted, and both the registered owner, Grace Barry, and the legal owner, Anglo California National Bank, were duly served. They filed separate answers. Grace Barry claimed an interest in said automobile as the registered owner and denied that the automobile was used in violation of the State Narcotic Act. As a separate defense, she alleged that the use of the automo-

bile by Joseph Barry was without her permission or consent. The Anglo California National Bank intervened, claiming an interest as legal owner by virtue of the conditional sales contract, and likewise denied that the automobile was used in violation of the State Narcotic Act. It was further alleged that said intervener had no knowledge that said automobile was to be used in violation of the State Narcotic Act, and that, prior to the execution of the conditional sales contract, a reasonable investigation of the moral responsibility, character, and reputation of the purchaser was conducted by the claimant and intervener.

Since no contention is made that the automobile was not used in a manner prohibited by the State Narcotic Act, we need not review the facts relating to the unlawful use.

■ Appellant contends that the trial court erred in finding "That on the said 14th day of June, 1938, and while said automobile was so being used by the said Joseph Barry in violation of the State Narcotic Act of the State of California, said Joseph Barry was driving and operating said automobile without the permission, consent, or knowledge of defendant, Grace Barry, that at said time said Joseph Barry was using and operating said automobile in contravention of the said State Narcotic Act of the State of California without the knowledge or consent of the said Grace Barry." We may readily agree with appellant that the latter portion of the finding, namely that Grace Barry had no knowledge of the unlawful use and did not consent thereto, is immaterial. It is well settled that the innocence of the owner is no defense to a forfeiture proceeding where the owner has entrusted the automobile to the person who, without the owner's knowledge, used it for an unlawful purpose. (*People* v. *One 1933 Plymouth etc. Automobile,* 13 Cal. (2d) 565, 568 [90 Pac. (2d) 799] ; *Van Oster* v. *Kansas,* 272 U. S. 465 [47 Sup. Ct. 133, 71 L. Ed. 354, 47 A. L. R. 1044] ; *Goldsmith, Jr.,-Grant Co.* v. *United States,* 254 U. S. 505 [41 Sup. Ct. 189, 65 L. Ed. 376].) ■ However, we are unable to agree with appellant when it contends that proof that the owner of the automobile did not consent or permit the occupant of the automobile to use it is no defense to a forfeiture of the automobile under the State Narcotic Act. We are cited no case, and have been unable to discover any, holding that where an automobile is taken without the consent of the owner and is used without his permission, the interest of the owner may be

declared forfeited, if at some time during the unlawful use the automobile is put to a use for which the law provides a forfeiture. It is true that the statute does not provide that the owner may prove as a defense that the use of the automobile for any purpose was without his consent or permission. Section 15 (e) provides only that the owner "may show by competent evidence that the automobile or other vehicle was not in fact used or intended to be used to conceal, convey, carry or transport any of the drugs mentioned in section 1 of this act, or that said drugs were not unlawfully possessed by an occupant of said automobile or other vehicle". No other defenses are provided by the statute. In support of its contention, appellant cites *People* v. *One Ford Coupe,* 10 Cal. App. (2d) 321, 323 [51 Pac. (2d) 882]. However, in that case this court was not confronted with the defense that the automobile was used without the owner's consent, it clearly appearing that the owner himself had used the automobile in violation of the statute.

Appellant relies strongly upon *Goldsmith, Jr.,-Grant Co.* v. *United States, supra,* and *People* v. *One Ford V8 Tudor Sedan,* 12 Cal. App. (2d) 517 [55 Pac. (2d) 908]. In both of those cases the court was concerned only with the situation where the owner of an automobile had entrusted it to another who had put it to an unlawful use. Both cases stand only for the proposition, now well settled, that "the owner of a vehicle who has given consent to its operation by another, is not deprived of any constitutional right by the forfeiture of his property on account of the operator's violation of a statute such as is here involved, even though such owner is without knowledge of or has failed to acquiesce in its illegal use". (*People* v. *One 1933 Plymouth Auto,* 13 Cal. (2d) 565, 568 [90 Pac. (2d) 799].) In *Goldsmith, Jr.,-Grant Co.* v. *United States, supra,* the court specifically stated, in laying down the rule which our Supreme Court has adopted, "And we also reserve opinion as to whether the section can be extended to property stolen from the owner or otherwise taken from him without his privity or consent". (P. 512.) (See, also, *United States* v. *One Ford Coupe,* 272 U. S. 321, 333 [47 Sup. Ct. 154, 71 L. Ed. 279, 47 A. L. R. 1025].) The court was there considering section 3450, Revised Statutes, which, like section 15 (e) of the State Narcotic Act, was silent upon the question here raised.

In support of the position we have here taken, namely that property of an owner taken from him without his permission or consent and used by the taker for an unlawful purpose proscribed by the act cannot be declared forfeited to the state, we may rely upon the following cases. In *United States* v. *One Buick Roadster,* 280 Fed. 517, the court said at page 519: "The fiction that the thing is guilty is but a convenience of procedure, to visit justice by way of forfeiture upon those, perhaps unknown, whose conduct contributed to the thing's unlawful use. Otherwise, outlawry, the superstitions of deodand and trial and punishment of inanimate things, have disappeared, and it is doubtful if any modern law purports to confiscate lawful property because unlawfully used by trespasser or thief. If section 3450 does, how can it be maintained in view of the due process clause of the Constitution? What is it but a mere arbitrary act of government in violation of that fundamental right to own property, for the security of which society is organized and government maintained? What immemorial practice of government justifies this legislative power? Wherein are public welfare, and rights common to all, served by this invasion of individual right of property? What principle of justice permits it? To support the proponent no answer comes to mind, and until successfully answered it must be held that the literal import aforesaid of section 3450 contravenes the due process clause, to avoid which, its general terms permitting, again it will be presumed that Congress intended exceptions of trespasser and thief." (See, also, *United States* v. *One Reo Speed Wagon,* 5 Fed. (2d) 372, 373; *United States* v. *One Ford Coupe Automobile,* 21 Fed. (2d) 639, 640; *United States* v. *One Dodge Truck,* 9 Fed. Supp. 157, and cases therein cited; *State* v. *Goyette,* 140 Kan. 732 [37 Pac. (2d) 1001]; compare *United States* v. *One Haynes Automobile,* 290 Fed. 399.) The line of demarcation established in these cases is whether or not the owner has consented to the use of his property. If he has not, his property is not subject to forfeiture. If he has, the property may be forfeited regardless of his lack of knowledge of or consent to the unlawful use. Such distinction appears sound in view of the decision in *Goldsmith, Jr.,-Grant Co.* v. *United States, supra,* and the line of decisions in the federal courts has sprung directly from that case.

We are unable to appreciate how appellant is able to draw any distinction, which he indicates should be drawn, between use by a thief, and use by a person without the consent or permission of the owner. The latter use is unlawful, constituting a trespass or conversion, and the act of driving an automobile without the owner's consent is now a crime. (Vehicle Code, sec. 503.) The difference is one only of degree and is too slight to justify any distinction.

█ Appellant strongly argues that if the owner may defend against a forfeiture by proof that the vehicle was used without his consent or permission, the way is opened for collusion and perjury in an attempt to defeat forfeiture. Such a consideration is one to be met by the careful scrutiny of the trial judge, who has at the trial an opportunity to view the witnesses and weigh the credibility of the evidence offered. It is not a sufficient consideration to justify an apparent arbitrary invasion by the legislature of property rights protected by both the state and federal Constitutions.

█ It is next contended that the evidence does not support the trial court's finding that the use of the automobile by Joseph Barry was without the permission, consent, or knowledge of Grace Barry. After the acquisition of the automobile by Grace Barry in August, 1937, her son, Joseph Barry, had her permission to use the automobile. Grace Barry was nearly seventy years of age and could not drive an automobile. Her automobile was driven by various members of the family, who took her on pleasure trips and shopping excursions. About the first of the year, 1938, Joseph Barry was involved in an automobile accident as a result of which the respondent's automobile was damaged. Grace Barry then forbade him the use of the automobile. Nevertheless, he used the automobile on numerous occasions after the first of the year. Grace Barry testified he would "sneak" the automobile, and that on one occasion his brother Charles attempted to prevent his use of the automobile and a fight ensued, which necessitated calling the police. In spite of the fact that Joseph Barry took the automobile without her consent, Grace Barry continued to keep the keys to the automobile in a bureau in her home. While Joseph Barry did not reside with her, he had access to the home at all times and could have secured the keys. On the night of June 9, 1938, the automobile disappeared. Grace Barry testified she did not believe the automobile was

stolen and that she thought Joseph Barry had it. It did not reappear until after the arrest of Joseph Barry on the night of June 14th. Grace Barry testified positively that she did not consent to or permit the use of the automobile by Joseph Barry. While the evidence is sufficient to support a finding that Grace Barry impliedly consented to the use, the trial judge did not so conclude. The evidence on the issue of permission and consent is conflicting and it appears there is substantial evidence supporting the trial court's finding that the automobile was used by Joseph Barry without the knowledge, consent or permission of Grace Barry. For this reason we cannot disturb the trial court's finding.

No brief has been filed in behalf of Grace Barry, and she does not contest this appeal. The only respondent appearing before the court is the Anglo California National Bank. It bases its claim upon a conditional sales contract. The appellant argues the respondent bank cannot avail itself of the defense of lack of consent, but, on the contrary can successfully resist a forfeiture of its interest in the automobile only by proof that its interest was established in good faith, without knowledge that the automobile was to be used or was intended to be used in violation of the State Narcotic Act, and after a reasonable investigation of the moral responsibility, character and reputation of the purchaser. The other two defenses, i. e., that the automobile was not used in the transportation of forbidden narcotics and that the occupant of the automobile was in lawful possession of the narcotics, are not available under the facts of this case. We are unable to agree with appellant's contention. The State Narcotic Act does not contemplate and was not intended by the legislature to work a forfeiture of the lien claimant's interest in the absence of a proper case for forfeiture of the purchaser's interest. Forfeitures of vehicles are governed by section 15 of the State Narcotic Act. It provides: ''Any automobile or other vehicle used or intended to be used to conceal, convey, carry, or transport any of the drugs mentioned in section one of this act, and any automobile or vehicle in which any of the drugs mentioned in section one of this act are unlawfully possessed by an occupant thereof, shall be forfeited to the state of California as in this section provided:'' Then follows provisions for seizure, notice of seizure, the filing of an answer,

and for trial and hearing. In subsection (e) we find: "At the time set for the hearing, any of the *owners* who have verified answers on file may show by competent evidence that the automobile or other vehicle was not in fact used or intended to be used to conceal, convey, carry or transport any of the drugs mentioned in section one of this act, or that said drugs were not unlawfully possessed by an occupant of said automobile or other vehicle." Then follows a third defense given to any claimant who bases his claim upon a lien, mortgage, or conditional sales contract. He may prove that his lien was acquired in good faith, without knowledge of an actual or intended unlawful use of the automobile or vehicle, and after a reasonable investigation of the moral responsibility, character and reputation of the purchaser. Subsection (f) provides that in the event of such proof certain steps shall be taken for the protection of that claimant, and expressly provides, "it being the intention of this section to forfeit only the right, title or interest of the purchaser". This defense is not the sole defense which an owner who holds his title as security for some obligation may assert. It is an additional one given to persons falling within that class. Then follows a provision that if a forfeiture is not proper, the court shall order the release of the automobile or vehicle to the owner thereof. The act makes no specific provision for the release of the purchaser's interest and the forfeiture of the lien claimant's interest, and such a result should not be implied. The contention of appellant if correct would result in the return of the automobile or vehicle to the purchaser and the destruction of the lienholder's interest therein. Such a result is absurd and would serve no useful purpose whatever. Moreover, all of the reasons which applied and forced the conclusion that the purchaser may defend upon the ground that he did not consent to the use of the vehicle by the occupant thereof are equally applicable to the lien claimant. The lien claimant is in no manner at fault in entrusting the automobile or vehicle to a purchaser who is himself innocent. The lien claimant has even less opportunity than the purchaser to prevent a third person's use of the automobile or vehicle without the purchaser's permission or consent. It is our conclusion, therefore, that the interest of an owner who bases his claim upon a lien, mortgage, or conditional sales

contract, is not subject to forfeiture in the absence of a proper forfeiture of the purchaser's interest.

This holding necessitates an affirmance of the judgment whether or not there was a reasonable investigation of the moral responsibility, character, and reputation of the purchaser by the respondent bank, and we need not discuss the question of the reasonableness of the investigation conducted.

▇ That portion of the decree allowing costs to the interveners and claimants is clearly erroneous and must be reversed. (*People* v. *One Plymouth Sedan,* 21 Cal. App. (2d) 715 [69 Pac. (2d) 1011].)

That portion of the judgment denying a forfeiture and ordering a return of the automobile is affirmed. That portion allowing costs to interveners and claimants is reversed.

Nourse, P. J., and Spence, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on March 1, 1940, and an application by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on March 30, 1940.