[L. A. No. 19709.   In Bank.   Aug. 13, 1946.]

THE PEOPLE, Respondent, v. ONE 1941 BUICK SPORT COUPE, Defendant; IGNACIO N. MARQUEZ et al., Appellants.

Sprague & Sparks and Philip S. Schutz for Appellants.

Robert W. Kenny, Attorney General, and Bayard Rhone, Deputy Attorney General, for Respondent.

EDMONDS, J.—The state obtained a judgment forfeiting an automobile in which an occupant of it, without the knowledge of the registered owner who then had possession and control of the vehicle, was carrying some marihuana cigarettes. The propriety of that judgment depends upon the construction of the forfeiture provisions of the Health and Safety Code.

In the "Notice of Seizure and Intended Forfeiture Proceedings" the attorney general asserted that the automobile "was used to unlawfully conceal, convey, carry or transport marihuana, and marihuana was in the possession of an occupant thereof." By its answer, Kelley Kar Company, a corporation, the legal owner, set up the defense of reasonable investigation of the moral responsibility, character and reputation of Ignacio N. Marquez, the registered owner. The corporation also denied having any knowledge that the automobile was to be used for the transportation of narcotics, and alleged, upon information and belief, that narcotics were not unlawfully possessed by any occupant of the vehicle and that

it was not used to unlawfully conceal or transport marihuana or any other narcotics. The defense of Marquez was that he had no knowledge of the possession of marihuana by any occupant of the automobile and that it "was not being used for any unlawful purposes."

As the appeal is upon the judgment roll, the findings of fact made by the trial court are deemed to be supported by the evidence. Ownership of the automobile was found to be as alleged by the state. The court also determined that at the time it was seized, the vehicle was in the possession and under the immediate control of Marquez. James Taylor, an acquaintance of Marquez, was an occupant of the car; he, Marquez and another person were en route to a theater. Taylor, without the knowledge of Marquez, had some marihuana cigarettes in his possession. Upon the issue of ownership, the finding was that Kelley Kar Company had a bona fide interest in the automobile in accordance with the terms of a contract of conditional sale, but that the vendor had made no investigation in regard to the moral responsibility, character and reputation of Marquez before the agreement was executed and the vehicle delivered to him.

From these findings the court concluded that "the vehicle . . . was not used with the knowledge of either the registered or legal owner to unlawfully conceal, convey, carry or transport marihuana, or that marihuana was in possession of an occupant thereof, contrary to the force and effect of section 11610 of the Health and Safety Code . . . [and it] . . . should be released to the registered and legal owners thereof . . ." Judgment was rendered accordingly. Thereafter, the attorney general's motion for a new trial was granted, the previous judgment vacated and set aside, and a judgment entered forfeiting the vehicle to the state. The appeal of Marquez and Kelley Kar Company is from that judgment.

Section 11610 of the Health and Safety Code provides: "A vehicle used to unlawfully transport any narcotic, or in which any narcotic is unlawfully kept, deposited or concealed, or in which any narcotic is unlawfully possessed by an occupant thereof, shall be forfeited to the State." The principal contention of the appellants is that this statute does not authorize the forfeiture of an automobile under the circumstances related in the findings of fact upon which the judgment here challenged was rendered. An automobile may not be used for a purpose unknown to the person operating it, they

assert. The code section should be strictly construed, the argument continues, and if it authorizes a forfeiture in the event that an occupant, without the knowledge of the owner then in possession and control of the vehicle, has a narcotic upon his person, the legislation unconstitutionally deprives one of his property without due process of law. Also, it is said, in failing to require that the owner be "particeps criminis," the statute is unreasonable, arbitrary and capricious and does not bear a reasonable relationship to the legislative purpose of preventing the unlawful transportation of narcotics.

The attorney general takes the position that under the plain terms of the statute, to justify the forfeiture of an automobile the state need only prove that an occupant of the vehicle had a narcotic in his possession. He argues that it is not necessary to show that the owner had knowledge of the illegal possession of the narcotic by the occupant, or that the owner was an aider or abettor in the crime of unlawful possession. And strict construction of a statute is not permissible in this state, he contends, because each of our principal codes requires that its provisions "are to be liberally construed with a view to effect its objects and to promote justice." (Civ. Code, § 4; Code Civ. Proc., § 4; Pen. Code, §4; Pol. Code, § 4.)

It has been held that "there are no constitutional impediments to a forfeiture where the owner entrusts his vehicle to another who uses it illegally, even though the owner does not know of or acquiesce in such use." (*People* v. *One 1941 Ford 8 Stake Truck,* 26 Cal.2d 503, 507 [159 P.2d 641]; see, also, *People* v. *One 1933 Plymouth Auto,* 13 Cal.2d 565, 568 [90 P.2d 799]; *Van Oster* v. *State of Kansas,* 272 U.S. 465 [47 S.Ct. 133, 71 L.Ed. 354]; *United States* v. *One Lincoln Touring Car,* 11 F.2d 551.) Justification for the confiscation under such circumstances has been placed upon the ground that "certain uses of property may be regarded as so undesirable that the owner surrenders his control at his peril." (*Van Oster* v. *Kansas, supra,* p. 467.) But property taken from the owner without his consent stands in a different category, and the Health and Safety Code has been construed as not authorizing the confiscation of a stolen automobile. "The reasoning leading to this conclusion is that a contrary determination would amount to an unconstitutional deprivation of property without due process of law (*People* v. *One 1937 Plymouth 6, supra* [37 Cal.App.2d 65 (98 P.2d 750)]), and where

a statute is susceptible of two interpretations, one of which would satisfy constitutional guarantees, if possible the courts will uphold the legislation." (*People* v. *One 1941 Ford 8 Stake Truck, supra,* p. 506; see, also, *United States* v. *One Buick Roadster,* 280 F. 517; *United States* v. *One Ford Coupe Automobile,* 21 F.2d 639.)

The line of demarcation established by these decisions is that if the owner has not consented to the use of his property, the government may not confiscate it. But if consent has been given, forfeiture is allowed regardless of the owner's lack of knowledge of or consent to the unlawful use. (*People* v. *One 1937 Plymouth 6,* 37 Cal.App.2d 65, 70 [98 P.2d 750].) "An owner who entrusts the possession of his vehicle to another thereby accepts the risk that it will be used contrary to law, but, in the operation of an automobile without the owner's consent to do so in any manner or at all, there is no element of choice or volition and a complete lack of permission, express or implied, on the part of the owner." (*People* v. *One 1941 Ford 8 Stake Truck, supra,* p. 507.) These distinctions rest upon the fundamental principle that, to justify the forfeiture of property, there must be some connection, either by agency, consent to operate or control the vehicle, knowledge, negligence, or connivance, between the owner of the seized vehicle and the person committing the crime. (*People* v. *One 1941 Cadillac Club Coupe,* 63 Cal.App.2d 418, 422 [147 P.2d 49] ; *Peisch* v. *Ware,* 4 Cranch (8 U.S. 208, 218) 347 [2 L.Ed. 643] ; *United States* v. *One Haynes Automobile,* 290 F. 399; *The Cargo Ex Lady Essex,* 39 F. 765, 767.)

█ As the findings of fact in the present case declare that, at the time the state seized the automobile it was in the possession of Marquez and under his control and that he had no knowledge of the unlawful conduct of Taylor, there is no basis for the judgment of forfeiture. The judgment is, therefore, reversed with directions to the trial court to enter judgment denying forfeiture and releasing the automobile in controversy to the appellants.

Gibson, C. J., Shenk, J., Carter, J., Traynor, J., Schauer, J., and Spence, J., concurred.