[Civ. No. 19081.   Second Dist., Div. One.   Mar. 18, 1953.]

THE PEOPLE, Respondent, v. ONE 1950 MERCURY SEDAN, Engine No. 50LA40896M, etc., Defendant; J. J. TORRES et al., Appellants.

David C. Marcus for Appellants.

Edmund G. Brown, Attorney General, Donald D. Stoker and Stanley Zipser, Deputy Attorneys General, for Respondent.

DRAPEAU, J.—A clothes cleaner telephoned the police department in Los Angeles that he had found two brown paper cigarettes in a coat left with him to be cleaned, and that he thought they were marihuana cigarettes. Police officers went to the cleaner's place of business, and waited for the owner of the coat to appear.

Jimmie Torres, a 16-year-old boy, drove up in a Mercury sedan. He, and several companions riding with him, were taken into custody.

The coat had been left to be cleaned by one of Jimmie's companions. This companion called for it, but said it was Jimmie's.

The officers searched the Mercury in Jimmie's presence, and found one brown paper cigarette in a rug doubled up on the floor of the car. Then they let everybody go but Jimmie and his companion who called for the coat.

At the police station Jimmie told the officers that he found the cigarettes in the Mercury after he had parked it on a street in Oakland. One of the officers testified on direct examination: "I asked him if he had any more marihuana, and he said he did not." On cross-examination the officer further

testified: "I asked him if he knew these were marihuana cigarettes, and he said he did."

In this proceeding to forfeit the automobile to the state, the trial judge found that J. J. Torres (Jimmie's father), Jimmie, and Mary Torres (Jimmie's sister), were registered owners of the automobile, and that while the vehicle was being driven by Jimmie it was used to transport marihuana, a narcotic. It was adjudged that the Mercury was forfeited to the state, pursuant to the provisions. of chapter 7, article 1, division X of the Health and Safety Code.

Jimmie and his family lived in Oakland. At the time the car was seized Jimmie had driven it to Los Angeles to visit relatives.

Jimmie's father made the down payment on the car, and monthly payments on the balance of the purchase price. This balance was advanced under a conditional sales contract assigned to Mercantile Acceptance Corporation.

Jimmie's father testified that the certificate of ownership was issued by the Motor Vehicle Department to the assignor of Mercantile Acceptance Corporation, as legal owner, and in his name and in the names of Jimmie, his son and Mary, his daughter, as registered owners. He said this was done because he could not drive and the boy could.

Notice of seizure of the automobile was filed in the superior court December 27, 1950. A copy of the notice was mailed to the acceptance company on the same day. Answer of the acceptance company was filed January 19, 1951.

The superior court struck out the answer of the acceptance company because it had not been filed within 20 days after mailing of the notice of seizure. The superior court denied a motion under section 473 of the Code of Civil Procedure by the acceptance company to be relieved of its default.

Grounds of appeal are as follows:

1. That it was error to strike the answer of Mercantile Acceptance Corporation, and to deny relief under section 473, of the Code of Civil Procedure.

2. That the evidence is insufficient to sustain the finding of forfeiture.

3. That defendant father's motion to dismiss at the close of plaintiff's case should have been granted.

These matters will be discussed in order.

First, the contention that it was error to strike the accept-

ance company's answer and to deny its motion under section 473 of the Code of Civil Procedure:

The sections of the Health and Safety Code upon which the court's action was predicated are as follows:

"Section 11614. *Time for filing answer to notice.* Within twenty days after the mailing or publication of the notice, the owner of the vehicle may file a verified answer to the fact of the use of the vehicle alleged in the notice of seizure and of the intended forfeiture proceeding.

"Section 11615. *Extension of time for filing answer* forbidden. No extensions of time shall be granted for the purpose of filing the answer.

"Section 11616. *Failure to file answer: Order of forfeiture.* If at the end of twenty days after the notice has been mailed or published there is no verified answer on file, the court shall hear evidence upon the fact of the unlawful use and shall, upon motion, order the vehicle forfeited to the State."

This presents the question: Does the failure of the legal owner of an automobile to file an answer in narcotics forfeiture proceedings within 20 days after mailing notice of forfeiture end the case so far as the legal owner is concerned?

This appears to be the plain legislative intent, if such proceedings are completed and judgment rendered before the legal owner appears.

But here answer was filed before the case was heard. In such circumstances the legal owner is entitled to his day in court. Section 473 of the Code of Civil Procedure is applicable to just such cases as this.

The statute imposing forfeiture of automobiles used in transporting narcotics should be construed in a manner as favorable to the owner as is consistent with fair principles of interpretation. (*People* v. *One 1939 Buick Coupe,* 56 Cal.App. 2d 163 [132 P.2d 308]; cf. *People* v. *One 1940 Ford V-8 Coupe,* 36 Cal.2d 471 [224 P.2d 677].)

Where statutes are susceptible of two interpretations, one of which would satisfy constitutional guarantees, if possible, courts will uphold the legislation. (*People* v. *One 1941 Buick Sport Coupe,* 28 Cal.2d 692 [171 P.2d 719].)

In this case to deny the legal owner the right to appear and defend against the asserted forfeiture was to deny him due process of law. Any other construction would be to destroy the element of fairness implicit in our American system of justice. For justice is always the controlling consideration

under our law. And in no field of that law is due process more essential than in this present-day legislative resurrection of the ancient medieval concept of the deodand.

■ As said in a dissenting opinion by Mr. Justice Carter in *Simpson* v. *City of Los Angeles,* 40 Cal.2d 271 at page 285 [253 P.2d 464]:

"While it is impossible to define with precision 'due process of law' it means, broadly speaking, that before a man's property may be taken by the state, he must be given notice of the proceedings which may terminate in the taking, and be given an opportunity to be heard. It means further that the notice shall be a real and reasonable one, and the hearing, such as is ordinarily, or at least reasonably, given in similar cases."

■ Relief from defaults in law cases in proper circumstances is an integral part of due process of law in California.
■ Therefore it was an abuse of discretion for the court to strike the answer from the file, and to deny relief under section 473 of the Code of Civil Procedure.

Grounds of appeal 2 and 3 will be discussed together.

■ While the state has the undoubted right to forfeit vehicles used to transport narcotics; while vehicles may be taken away from owners because persons permitted to drive them have transported narcotics in them, even without their knowledge (*People* v. *One 1937 Plymouth 6,* 37 Cal.App.2d 65 [98 P.2d 750]; *People* v. *One 1941 Buick,* 28 Cal.2d 692 [171 P.2d 719]), and even when an infinitesimal quantity of narcotics is transported, such as one marihuana cigarette concealed in a sock (*People* v. *One 1941 Chrysler Tudor,* 71 Cal. App.2d 312 [162 P.2d 653]), still simple justice requires that the state must prove that in fact narcotics were transported.

The proof in this case does not measure up to this indispensable requirement.

After proving the facts above narrated, the state put a forensic chemist on the witness stand to prove that the brown paper cigarettes contained narcotic, marihuana.

This witness testified that three small envelopes, enclosed in a larger one handed to him, each contained one marihuana narcotic cigarette.

But this witness would not say that these were the same cigarettes that he examined in his laboratory and that the specific cigarettes before him were narcotic.

And no foundation was established that the cigarettes in

court were the same cigarettes examined in his laboratory by the forensic chemist. Therefore so far as the record in this case is concerned the cigarettes found in the coat and in the car are brown paper cigarettes, no more.

The trial court sustained objection to the introduction in evidence of the cigarettes. Then the court went forward with the case, and found that the automobile had been used to transport the narcotic marihuana.

One more thing remains for consideration. Was the testimony of the arresting officer that Jimmie said he knew the cigarettes were marihuana sufficient to support the finding?

■ It is a fundamental rule that a declaration by a litigant contrary to his position in a lawsuit is admissible and is evidence which tends to prove the matter admitted. (Code Civ. Proc., § 1870, subd. 2; *Bonebrake* v. *McCormick,* 35 Cal. 2d 16 [215 P.2d 728].) ■ But the rule is subject to the qualification that the declaration is not binding upon codefendants. (*Nishi* v. *Inoguchi,* 116 Cal.App. 398 [2 P.2d 864].)

Therefore, Jimmie's admission did not bind the other defendants.

The judgment and the order striking the answer of defendant Mercantile Acceptance Corporation and denying relief under section 473 of the Code of Civil Procedure are, and each of them is, reversed. The appeal from the order denying motion for new trial is dismissed.

White, P. J., and Doran, J., concurred.

A petition for a rehearing was denied April 6, 1953, and respondent's petition for a hearing by the Supreme Court was denied May 14, 1953. Schauer, J., and Spence, J., were of the opinion that the petition should be granted.