378

[Civ. No. 17430.   First Dist., Div. Two.   Oct. 14, 1957.]

THE PEOPLE, Appellant, v. ONE 1948 OLDSMOBILE, ENGINE NUMBER 959591H, Respondent.

Edmund G. Brown, Attorney General, Clarence A. Linn, Assistant Attorney General, and John S. McInerny, Deputy Attorney General, for Appellant.

Louis S. Katz for Respondent.

DOOLING, J.—The State appeals from an order granting respondent's motion to set aside a default judgment.

On March 27, 1956, the State commenced proceedings to

forfeit an automobile belonging to respondent for illegal transportation of narcotics. Respondent was given the required notice of this proceeding and, having failed to file an answer within 20 days, on April 27, 1956, a decree of forfeiture was made and entered pursuant to section 11616, Health and Safety Code.

On June 1, 1956, respondent filed a motion to vacate this judgment pursuant to Code of Civil Procedure, section 473. The motion was supported by the verified answer of respondent and an affidavit of his attorney. The affidavit recited that during all of the time in question respondent was confined in the county jail; that the papers in this proceeding were turned over to affiant ''but due to the fact that preparations were being made by your affiant to defend a criminal action filed against defendant, and that trial of said action took place on April 18th and 19th, your affiant did not have time to prepare the answer in the above entitled action within the statutory time limit''; that the jury on this trial acquitted defendant on two counts and disagreed on a third and that May 14 was set for the retrial of this third count; that affiant was and still is occupied in preparation for this trial; that owing to the fact that the answer in this proceeding had to be personally verified by respondent affiant had to make an appointment with a notary to visit respondent in the county jail; that due to pressure of office business, and the fact that respondent was at all times in jail, affiant was not able to file the answer in the statutory time; and that the copy of the notice served on respondent did not contain the number of the superior court action and the county clerk would not accept the answer for filing without the number affixed thereto.

The sections of the Health and Safety Code applicable here are:

Section 11614: ''Within twenty days after the mailing or publication of the notice, the owner of the vehicle may file a verified answer to the fact of the use of the vehicle alleged in the notice of seizure and of the intended forfeiture proceeding.''

Section 11615: ''No extensions of time shall be granted for the purpose of filing the answer.''

Section 11616: ''If at the end of twenty days after the notice has been mailed or published there is no verified answer on file, the court, upon motion, shall declare the vehicle forfeited to the State.''

Despite the mandatory provisions of these sections the

court held in *People* v. *One 1950 Mercury Sedan,* 116 Cal.App.
2d 746 [254 P.2d 666], that in a proper case a person claiming
an interest in the automobile sought to be forfeited may be
relieved of his default in failing to file an answer within the
20-day period allowed. Appellant seeks to distinguish the
case before us from the cited one on the ground that in the
cited case an answer had been filed before judgment, which
was stricken because not filed within the 20 days fixed by the
statute. We need not decide whether this distinction is valid
in view of our conclusion that the showing in this case was
not sufficient to support the order vacating the decree in any
event.

■ Section 473 Code of Civil Procedure provides that a
motion to set aside a judgment thereunder "must be made
within a reasonable time, in no case exceeding six months
. . ." What is a "reasonable time" within which to make
the motion must depend on the circumstances of the particular
case. (*Benjamin* v. *Dalmo Mfg. Co.,* 31 Cal.2d 523, 528-529
[190 P.2d 593]; *Smith* v. *Pelton Water Wheel Co.,* 151 Cal.
394, 397 [90 P. 934].)

We need not decide whether the facts recited in the affidavit
in this case show a sufficient excuse for the failure to file the
answer within the 20 days allowed by the statute because we
are satisfied that no sufficient showing was made to support
the conclusion that the motion was made within a reasonable
time thereafter.

■ The answer submitted with the motion was verified
by the respondent on April 30, 1956. Whatever justification
there may have been for failure to get the answer prepared
and verified earlier can furnish no excuse for not proceeding
with reasonable diligence thereafter. With the verified answer
in his possession counsel for respondent delayed until June 1
before filing his notice of motion to set aside the judgment of
forfeiture. The only facts recited in the affidavit which can
be said to refer to this delay of over 30 days are found in
the recital that affiant was and still is occupied in preparation
for the second trial of respondent on the count on which the
jury had disagreed. There is no showing of any facts to
explain why the preparation for a second trial of a case
already once tried should so completely engross counsel's
time that he could not for a whole month following his receipt
of respondent's verified answer prepare, serve and file the
necessary affidavit and notice of motion to set aside the decree
which he knew had been made and entered on April 27.

The Legislature has plainly indicated an intention to bring about a speedy termination of these forfeiture proceedings and, so far as consonant with due process of law, to prevent any extensions of time to answer beyond the 20 days provided. This is a compelling circumstance to be weighed in determining whether the motion was made within a "reasonable time." In view of the plain legislative intention to bring these forfeiture proceedings to a speedy determination there is no adequate showing in this case that the motion to set aside the decree was made within a reasonable time.

The order is reversed.

Kaufman, P. J., and Draper, J., concurred.