THE STATE OF OHIO *v.* 1974 CHEVROLET CAMARO ET AL.

(No. 82-CV-0245—Decided April 13, 1983.)

Court of Common Pleas of Clermont County.

*Mr. Thomas R. Herman,* for plaintiff.
*Mr. Gary Rosenhoffer,* for defendant Morford.
*Mr. Michael L. Poole, pro se.*

RINGLAND, J. This matter came for hearing on plaintiff's amended complaint and defendant Robert L. Morford's answer and counterclaim. At hearing, the counterclaim was permitted to be amended to specifically name Sheriff Van-Camp and Deputy Robert Evans as counterclaim parties. At trial, defendant Michael L. Poole disclaimed any interest, monetary or possessory, in the 1974 Camaro. Morford presented no evidence on his counterclaim.

The court finds that on September 25, 1981, Morford was in the operator's seat of a 1974 Chevrolet Camaro; while sitting in the driver's seat of this vehicle, he made a drug transaction with undercover agents. As a result, Morford was arrested at the scene. He was subsequently charged and found guilty of a violation of R.C. 2925.03(A), a felony of the fourth

degree. At the scene, Morford consented to a search of the automobile; the money used in the drug transaction was found on the floor board under his seat. In return for the money paid by the undercover agents, a powdery substance was given to them from the automobile. During the transaction, Morford reached to his right into the console of the automobile to obtain items to facilitate the transaction.

The court finds that pursuant to R.C. 2925.13(A), the state has filed for a forfeiture of the 1974 Chevrolet Camaro in that it was used in the commission of a felony drug abuse offense. The court finds that the automobile was used in the commission of a felony drug offense and that the only two remaining issues are (1) whether Morford in his transaction in the automobile was the owner or operator *or* person in charge as indicated in the statute, and (2) the constitutionality of R.C. 2925.13(A) in light of the recent Supreme Court case of *State* v. *Lilliock* (1982), 70 Ohio St. 2d 23 [24 O.O.3d 64].

The state failed to prove that Morford owned the automobile under the Certificate of Title Act and defendant Poole disclaimed all interest in the automobile, but there is sufficient evidence from Poole as well as Deputy Evans that Morford was in charge of the automobile. The evidence reveals that Morford received the automobile in a trade two weeks prior to his arrest; that he was in the driver's seat of the automobile; that he consented to the search of the automobile; that he reached over to the console of the automobile; and that he indicated in his statement that it was his automobile received in trade for a van. "In charge of" means "in the care or custody of, or entrusted to the management or direction thereof." Black's Law Dictionary (4 Ed.), at 892. Certainly under the facts above, as well as the definition of "in charge of," Morford was in charge of the 1974 Camaro. Since the state has to establish either the ownership, operator or person

in charge of the automobile and has done the latter, the state has proved its case.

The defendant alleges that the forfeiture statute, R.C. 2925.13, is unconstitutional in light of the recent decision of *State* v. *Lilliock, supra. State* v. *Lilliock* involved the literal interpretation of R.C. 2933.41(A), specifically in the requirements that not only must the property be used by the offender in the commission of an offense, but that it must also be unlawful for the offender to possess the property in light of its nature or the circumstances of the offense. *In Lilliock*, the offense of receiving stolen property was not committed by transporting the property in the automobile but was committed prior to placing it in the automobile which was later forfeited. The second requirement of the statute requires that possession of the automobile itself be unlawful, which of course it was not.

The court stated at pages 27-28:

"There is a clear distinction between property declared unlawful and a public nuisance by statute, and that which is lawful in its ordinary and proper use, but which becomes subject to forfeiture when used in any unlawful manner, following a determination to that effect in a court of competent jurisdiction." R.C. 2925.13 does not establish specific statutory requirements as does R.C. 2933.41. In fact, it is similar to R.C. 2933.41 in that an automobile may be lawful in its ordinary and proper use but may become subject to forfeiture when used in an unlawful manner following a determination to that effect in a court of competent jurisdiction. Here, Morford, as shown by the evidence, did knowingly permit the vehicle to be used for the commission of a felony drug offense.

The court in *Lilliock*, after strictly construing R.C. 2933.41, which is not applicable here, then discussed the constitutional due process problem. The court stated at page 28: "In order for a property disposition statute to be constitu-

tional in its application it must be rationally related to a legitimate state concern, such as deterring criminal activity." Certainly R.C. 2925.13 is specifically designed for that purpose and no other.

*People* v. *One 1933 Plymouth Sedan De Luxe Auto.* (1939), 13 Cal. 2d 565, 90 P. 2d 799, and *People* v. *One 1940 Chrysler* (1946), 77 Cal. App. 2d 306, 175 P. 2d 585, upheld the legislative policy concerning the confiscation of vehicles used to transport contraband. The public interest is to be protected against illegal drugs and their victims and this outweighs the losses suffered by those who use their vehicles to facilitate drug-related crimes. In *State* v. *Richards* (1957), 157 Tex. 166, 301 S.W. 2d 597, the court indicated that the forfeiture statute was enacted to curb the illegal transportation of narcotics, and that the forfeiture of vehicles used in such transportation of narcotics is a method deemed necessary by the legislature to restrain the commission of the offenses and to aid in their prevention. The court further reasoned that it was legitimate and reasonable to suppose that owners would be more circumspect in permitting the use of their automobiles by others or using their own automobiles when the illegal act may bring about the forfeiture of the vehicle. Applicable statutes in other states as well as federal statutes (Sections 781-789, Title 49, U.S. Code) have been upheld (*United States* v. *One 1955 Ford Convertible* [E.D. Pa. 1956], 137 F. Supp. 830). These statutes have gone even further and permitted forfeiture of vehicles used in the unlawful conveyance of controlled substances where the owner has not taken part, and any exception based upon a defense of lack of knowledge of the owner is a matter of grace on the part of the state and not constitutionally required by due process. *Fell* v. *Armour* (D. Tenn. 1972), 355 F. Supp. 1319.

Therefore a plethora of cases exist under the drug abuse laws which permit constitutional forfeiture of automobiles. Courts have found that the applications of the statutes are rationally related to a legitimate state concern of deterring criminal activity and drug trafficking. For all of the above reasons, R.C. 2925.13 is not unconstitutional in light of *State* v. *Lilliock, supra.* Plaintiff's complaint is hereby granted. Defendant Morford's counterclaim is not well-taken and is hereby denied.

*Judgment accordingly.*