Opinion
CHIN, J.
Penal Code section 1417.6[1] authorizes the destruction of any dangerous weapon used by a defendant in the commission of a crime or possessed by the defendant upon arrest. Unless interpreted otherwise, the section might bar a lawful owner from recovering a stolen gun. We agree with the Attorney General that the statute would offend due process if applied to bar a rightful owner from recovering a stolen weapon. We grant a peremptory writ of mandate to allow petitioner Curtis Howard to seek to prove his right to recover his handgun.
*874 The record before us is sparse, but it does show that as of April 27, 1989, Howard was the registered owner of a handgun with serial No. 5385. Evidently, this is the same handgun mentioned in a November 23, 1990, police report by an off-duty police officer who heard three shots fired and saw Herbert Dean Mayo holding a recently fired gun as several people ran from Mayo. The gun became an exhibit in Mayo’s prosecution for possession of a firearm by a felon, in violation of Penal Code section 12021.
Howard moved for return of his handgun, but the court denied the motion. The court explained that Mayo was a customer of Howard, who was a bail bondsman, and that Howard allowed his customers and friends to go into his back office. Howard disputed the court’s recitation of the evidence and explained that customers were only allowed to use the phone in the front office. Evidently the gun was kept in the back office, and Mayo took it without Howard’s knowledge. The court concluded that under the circumstances the gun should be destroyed.
In our request for opposition to the petition, we asked the Attorney General to consider potential due process problems with Penal Code section 1417.6. He concedes that the section may not be constitutional if applied to deprive an owner of the opportunity to recover a stolen weapon. People v. One 1941 Buick Sport Coupe (1946) 28 Cal.2d 692, 694 [171 P.2d 719], compels that concession. Discussing whether a vehicle could be forfeited because a passenger possessed marijuana, the Supreme Court explained: “Justification for the confiscation under such circumstances has been placed upon the ground that ‘certain uses of property may be regarded as so undesirable that the owner surrenders his control at his peril.’ [Citation.] But property taken from the owner without his consent stands in a different , category, and the Health and Safety Code has been construed as not authorizing the confiscation of a stolen automobile. ‘The reasoning leading to this conclusion is that a contrary determination would amount to an unconstitutional deprivation of property without due process of law [citation], and where a statute is susceptible of two interpretations, one of which would satisfy constitutional guarantees, if possible the courts will uphold the legislation.’ [Citations.]” (Id., at pp. 694-695.)
The Attorney General suggests that we remand this matter for the superior court to consider whether the handgun was stolen from petitioner, as he alleges. We accept the Attorney General’s suggestion. We issue a peremptory writ of mandate in the first instance. (Code Civ. Proc., § 1088; Palma v. U.S. Industrial Fasteners, Inc. (1984) 36 Cal.3d 171, 177-180 [203 Cal.Rptr. 626].)
*875 Let a peremptory writ of mandate issue directing the Superior Court of the City and County of San Francisco to vacate its order denying Howard’s motion and to reconsider the motion in light of the views expressed herein.
White, P. J., and Strankman, J., concurred.

Penal Code section 1417.6 states: “The provisions of Section 1417.5 [which provides for return of exhibits] shall not apply to any dangerous or deadly weapons, narcotic or poisonous drugs, explosives, or any property of any kind or character whatsoever the possession of which is prohibited by law and which was used by a defendant in the commission of the crime of which the defendant was convicted, or with which the defendant was armed or which the defendant had upon his or her person at the time of the defendant’s arrest. [¶] Any of this property introduced or filed as an exhibit shall be, by order of the trial court, destroyed or otherwise disposed of under the conditions provided in the order no sooner than 60 days following the final determination of the criminal action or proceeding.”